[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 18, 2004
THOMAS K. KAHN
CLERK

No. 03-15315

D. C. Docket No. 02-00020 CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO D. DUNCAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 18, 2004)**

Before ANDERSON and BIRCH, Circuit Judges, and LAND[*], District Judge.

ANDERSON, Circuit Judge:

On February 20, 2002, the appellant, Marco D. Duncan, and several other

_____

[*] Honorable Clay D. Land, United States District Judge for the Middle District of
Georgia, sitting by designation.

codefendants were charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 21 U.S.C. § 846. The indictment also alleged a criminal forfeiture count.

Prior to trial, Duncan filed a motion to suppress all evidence obtained from the search of his vehicle at the time of his arrest. The district court denied the motion.

Duncan's trial commenced on July 21, 2003. The jury found Duncan guilty as charged, and by a special verdict found that the conspiracy involved five kilograms or more of cocaine. A bifurcated forfeiture proceeding was conducted, and the jury returned a forfeiture verdict of $340,000 against the defendant. On October 10, 2003, the district court sentenced Duncan to life imprisonment and ordered forfeiture in the amount of $340,000. Duncan timely appealed.

Duncan raised various arguments with respect to his conviction, sentence, and forfeiture. After oral argument and careful consideration, we reject without need for further discussion the following arguments asserted by Duncan on appeal: 1) that the district court erred by denying his motion to suppress the evidence obtained from the April 21, 2003 search; 2) that the district court erred by enhancing his sentence two levels for the possession of a firearm; 3) that the

district court erred by enhancing his sentence four levels based upon his role in the offense; and 4) that the forfeiture count of the indictment failed to set forth with the specificity required by the Fifth Amendment Due Process Clause the property that the Government claimed was obtained as a result of the alleged conspiracy.

Duncan's remaining argument on appeal is that the special verdict by the jury, finding cocaine powder, precluded the district court at sentencing from calculating Duncan's base offense level by finding that 12.24 of the kilograms of cocaine powder had been converted into cocaine base, or crack. Had Duncan's base offense level been calculated for cocaine powder instead of cocaine base, his base offense level would have been 34 instead of 38 under the Federal Sentencing Guidelines ("Guidelines"). However, the district court set the base offense level at 38 stating, "I certainly find from the evidence, by a preponderance at least, and actually more than that, that Mr. Duncan knew and it was reasonably foreseeable to him that it was being converted into crack cocaine, most of it converted, and sold in that form."

In his initial brief on appeal, Duncan argued that the jury and not the district court judge should have made the determination of the type and quantity involved in the drug conspiracy. After the regular briefing in this case, the Supreme Court decided Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004). In Blakely,

3

the Supreme Court applied the rule set out in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and held that the imposition – based solely on the sentencing judge's factual findings – of a sentencing enhancement above the 53 month standard range indicated in the State of Washington's Sentencing Reform Act violated Blakely's Sixth Amendment rights because the facts supporting the findings were neither admitted by Blakely nor found by a jury. Because Duncan raised in his initial brief a similar challenge to that raised by Blakely – namely that the factual finding that the conspiracy involved cocaine base should have been determined by the jury instead of the sentencing judge – Duncan raised this issue in a timely manner on appeal, and we ordered supplemental briefing with respect to Blakely.[1]

However, Duncan failed to raise this issue in the district court at any time, either during the trial or at sentencing. Although Duncan did object below to the

---

[1] In his initial brief, Duncan made the Apprendi-type argument only with respect to the drug type issue, and not with respect to the other two enhancements referenced in the any of the briefs, i.e., the firearm and role enhancements. Accordingly, he is not entitled to have this Court entertain the argument with respect to those other two enhancements. See United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief."); United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001) ("[O]ur well established rule is that issues and contentions not timely raised in the briefs are deemed abandoned."); United States v. Curtis, ___ F.3d ___, 2004 WL 1774785 (11th Cir. Aug. 10, 2004) (order declining to permit a supplemental brief raising a Blakely issue for the first time, following Nealy and Ford). Moreover, even in his supplemental brief Duncan focuses on the drug type finding, barely mentioning the other two enhancements, and even that mention is both conclusory and vague. We readily conclude that Duncan has abandoned any Blakely challenge except with respect to the drug type.

setting of the base offense level pursuant to a finding of cocaine base instead of cocaine powder, Duncan's argument below was limited to a sufficiency of the evidence argument that it was impossible to determine from the evidence what quantity of the cocaine powder had been cooked into crack. That Duncan's objection below was limited to the sufficiency of the evidence indicating cocaine base and did not include any type of objection based upon the Sixth Amendment is clear from his written objections to his Presentence Investigation Report ("PSI") as well as the transcript from the sentencing hearing. Therefore, because Duncan failed to raise a Sixth Amendment argument below, our review is limited to determining whether setting the base offense level based upon the sentencing judge's finding of cocaine base constitutes plain error in light of the Supreme Court's holding in Blakely. See United States v. Candelario, 240 F.3d 1300, 1304, 1308 (11th Cir. 2001) (noting that where a defendant did not make an Apprendi-based objection before the district court at sentencing, review is limited to plain error review; and noting that a sufficiency of the evidence objection is not a constitutional objection); United States v. Sanchez, 269 F.3d 1250, 1280 (11th Cir. 2001) (en banc) (applying plain error review where Apprendi claim raised for the first time on appeal). The fact that Blakely was decided subsequent to the judgment in the district court does not alter our use of the plain error standard.

5

See United States v. Cotton, 535 U.S. 625, 122 S. Ct. 1781 (2002) (applying plain error to an Apprendi claim where Apprendi was decided while the appeal was pending in the Fourth Circuit); Johnson v. United States, 520 U.S. 461, 117 S. Ct. 1544 (1997) (where the argument was first raised on appeal and was based upon a case decided by the Supreme Court after the defendant's conviction but before her appeal, the Court applied plain error review to the issue of whether the materiality of a false statement was an element of an offense such that it had to be submitted to a jury).

We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732-36, 113 S. Ct. 1770, 1777-79 (1993).

In order to satisfy the second prong, the error must be "obvious" or "clear under current law." United States v. Candelario, 240 F.3d 1300 (11th Cir. 2001). With regards to this second prong, we cannot conclude that it is obvious from Blakely that the case would apply to render unconstitutional judicial fact finding leading to sentence enhancement under the Federal Sentencing Guidelines. The Court in Blakely expressly states, "The Federal Guidelines are not before us, and

we express no opinion on them."  Blakely, 124 S. Ct. at 2538 n.9.  Further, as we

previously concluded in United States v. Curtis, ___ F.3d ___ , n.2, 2004 WL

1774785 (11th Cir. Aug. 10, 2004), there is considerable disagreement amongst

jurists and amongst the circuits on this issue.  In Curtis, we illustrated this

disagreement by citing cases from the Seventh, Eighth[2], and Ninth Circuits

holding that Blakely applies to sentences imposed under the Federal Sentencing

Guidelines and cases from the Fifth and Fourth Circuits holding that Blakely does

not apply to the Guidelines.  Id.  We also cited the Second Circuit's en banc

opinion in United States v. Penaranda, 375 F.3d 238 (2d Cir. July 12, 2004),

certifying the question of Blakely's application to the Supreme Court.  Id.[3]  Since

---

[2]       Since Curtis, the two panel opinions of the Eighth Circuit holding that Blakely
applies to the Guidelines have been vacated and rehearing en banc has been granted.  See United
States v. Mooney, ___ F.3d ___, 2004 WL 1636960 (8th Cir. July 27, 2004), vacated for reh'g en
banc (8th Cir. Aug. 6, 2004);  United States v. Pirani, ___ F.3d. ___, 2004 WL 1748930 (8th Cir.
Aug. 5, 2004), vacated for reh'g en banc (8th Cir. Aug. 16, 2004).

[3]       The portion of the footnote in Curtis addressing the second prong states in full:

> With respect to the second prong, we cannot conclude
> that it is obvious from Blakely that it applies to the
> Federal Sentencing Guidelines; there is considerable
> disagreement amongst jurists and amongst the circuits:
> compare United States v. Booker, ___ F.3d ___, 2004
> WL 1535858 (7th Cir. July 9, 2004) (2-1 decision)
> (holding that Blakely applies to sentences imposed under
>  the Federal Sentencing Guidelines over a dissent by
> Judge Easterbrook espousing the opposing view), United
> States v. Ameline, ___ F.3d ___, 2004 WL 1635808 (9th
> Cir. July 21, 2004) (2-1 decision) (holding that Blakely
> applies to sentences imposed under the Federal

7

<u>Curtis</u>, two additional circuits have weighed in on this issue, both holding that <u>Blakely</u> does not apply to the Guidelines.  <u>See</u> <u>United States v. Mincey</u>, ___ F.3d ___, 2004 WL 1794717 (2d Cir. Aug. 12, 2004) (withholding mandate pending Supreme Court's decision in <u>Booker</u> and <u>Fanfan</u>) (holding that <u>Blakely</u> does not apply to the Guidelines);[4] <u>United States v. Koch</u>, No. 02-6278, (6th Cir. Aug. 13, 2004) (<u>en banc</u>) (unpublished order with majority and dissenting opinions to follow) (holding that <u>Blakely</u> did not operate to invalidate the appellant's sentence).

In this Circuit, we follow the rule that "where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it," the error is

_____

Sentencing Guidelines), and <u>United States v. Mooney</u>, ___ F.3d ___, 2004 WL 1636960 (8th Cir. July 27, 2004) (2-1 decision) (holding that <u>Blakely</u> rendered the Federal Sentencing Guidelines unconstitutional) <u>with</u>, <u>United States v. Pineiro</u>, ___ F.3d ___, 2004 WL 1543170 (5th Cir. July 12, 2004) (holding that <u>Blakely</u> does not apply to the Federal Sentencing Guidelines) and <u>United States v. Hammoud</u>, 2004 WL 1730309 (4th Cir. Aug 02, 2004) (en banc) (unpublished order with majority and dissenting opinions forthcoming) (holding that <u>Blakely</u> did not operate to invalidate the appellant's sentence).  <u>See also</u> <u>United States v. Penaranda</u>, ___ F.3d ___, 2004 WL 1551369 (2d Cir. July 12, 2004) (en banc) (certifying question of <u>Blakely</u>'s application to the Supreme Court).

<u>Curtis</u>, ___ F.3d ___, n.2.

[4]    Although this opinion was a panel opinion, it was circulated to all active judges on the Second Circuit before filing.

not "plain" or "obvious." United States v. Aguillard, 217 F.3d 1319, 1321 (11th

Cir. 2000) (citing United States v. Humphrey, 164 F.3d 585, 587 (11th Cir.

1999)); see also United States v. Gerrow, 232 F.3d 831, 835 (11th Cir. 2000)

(citing Aguillard and Humphrey for this same proposition).  In the instant case,

neither the Supreme Court nor this Circuit has resolved the issue of whether

Blakely applies to the Federal Sentencing Guidelines, and as indicated above, the

circuits that have addressed the issue are not all in agreement.  Indeed, the

majority of circuits that have addressed the issue reject Duncan's position that

Blakely applies to the Guidelines.  Thus, Duncan cannot satisfy the second prong

of the plain error analysis.

We note that a panel of the Eighth Circuit, in the recent opinion in United

States v. Pirani, held that it is obvious that Blakely applies to the Guidelines. ___

F.3d ___, 2004 WL 1748930 (8th Cir. Aug. 5, 2004), vacated for reh'g en banc

(8th Cir. Aug. 16, 2004).[5]  The Pirani panel cites the various circuits that have held

___

[5] We note that the panel opinion in Pirani has been vacated and rehearing en banc has been granted.  Pirani, No. 03-2871 (8th Cir. Aug. 16, 2004) (order).  Nevertheless, we discuss Pirani because it contains the most extensive discussion of any of the circuits finding plain error.

The Seventh Circuit did not consider the application of the doctrine of plain error in United States v. Booker, 375 F.3d 508, 515 (7th Cir. July 9, 2004), cert. granted, ___ U.S. ___, ___ S. Ct. ___, 2004 WL 1713654 (Aug. 2, 2004), because the Government did not argue that Booker's Sixth Amendment challenge to the guidelines was forfeited by not being made in the district court.

Further, the Ninth Circuit, in United States v. Ameline, 376 F.3d 967 (9th Cir. July 21,

9

that <u>Blakely</u> does apply to the guidelines, and then proceeds to discount the Fifth

Circuit's opinion in <u>United States v. Pineiro</u>, ___ F.3d ___, 2004 WL 1543170

(5th Cir. July 12, 2004), that reached the opposite conclusion.  The Eighth Circuit

panel agreed in principle with the Fifth Circuit's conclusion that circuit courts

should not overrule prior Supreme Court precedent; however, the <u>Pirani</u> panel

discounted the Fifth Circuit's opinion because the Fifth Circuit relied primarily on

that rationale,[6] because a majority of the courts to address the issue had held that

<u>Blakely</u> is applicable to the Sentencing Guidelines, and because of the "vigorous

defense of the jury's role" in <u>Blakely</u>.  For these reasons, the <u>Pirani</u> panel thought

it was appropriate to reconcile the apparent discrepancy between <u>Blakely</u> and the

Supreme Court precedent cited in <u>Pineiro</u>.  Thus, the Eighth Circuit panel

discounted the Fifth Circuit's opinion, creating an exception to the normal rule

that "another circuit's dissenting view might normally restrain us from declaring

2004), after holding that <u>Blakely</u> applies to sentences imposed under the Federal Sentencing Guidelines, held that the error was "plain" under the second prong of the plain error test. However, the Ninth Circuit so held only in conclusory manner, and we note that, at the time of the Ninth Circuit opinion, the Seventh and Fifth Circuits had reached opposite conclusions about the effect of <u>Blakely</u> upon the Federal Sentencing Guidelines, but the Ninth Circuit did not acknowledge the split between the two circuits.  Moreover, since <u>Ameline</u>, three other circuits have joined the Fifth Circuit in rejecting <u>Blakely</u>'s application to the Guidelines.  For these reasons, as well as the reasons discussed in the text below, we do not find <u>Ameline</u> persuasive.

[6]    The Eighth Circuit based this in large part on its view that none of the Supreme Court opinions relied upon in <u>Pineiro</u> were based on Sixth Amendment challenges.  But see discussion below with respect to <u>Edwards v. United States</u>, 523 U.S. 511, 118 S. Ct. 1475 (1998).

10

the current law is clear." <u>Pirani</u>, ___ F.3d at ___.

We do not agree with the <u>Pirani</u> panel's dismissal of the Fifth Circuit's opinion. While we need express no opinion on whether we actually would reach the same conclusion as the Fifth Circuit if a <u>Blakely</u> challenge was properly before us, we believe that the Fifth Circuit's view is rational–i.e. a reluctance to find that <u>Blakely</u> has undone years of Supreme Court precedent focusing on the maximum sentence as stated in the United States Code. We believe this is a rational view despite the fact that other circuits, although not the majority, have held that <u>Blakely</u> has in fact undone this established understanding. Further, we note that the <u>Pirani</u> panel ignored the recent order of the Fourth Circuit in <u>United States v. Hammoud</u>, No. 03-4253, 2004 WL 1730309 (4th Cir. Aug 02, 2004) (<u>en banc</u>), announcing the majority decision of the <u>en banc</u> Fourth Circuit that <u>Blakely</u> does not apply to the Guidelines.[7] Additionally, as discussed above, both the <u>en</u> <u>banc</u> Sixth Circuit and a panel of the Second Circuit, in cases not decided at the time <u>Pirani</u> was decided, have recently held that <u>Blakely</u> does not apply to the Guidelines. <u>See</u> <u>United States v. Koch</u>, No. 02-6278, (6th Cir. Aug. 13, 2004); <u>United States v. Mincey</u>, ___ F.3d ___, 2004 WL 1794717 (2d Cir. Aug. 12,

---

[7] This order states that majority and dissenting opinions will be forthcoming. Thus, we do not yet know the rationale the Fourth Circuit adopted.

11

2004).  For the above reasons we disagree with the Pirani panel's conclusion that Blakely obviously applies to the Federal Sentencing Guidelines.

The fact that the error was not obvious or plain in the instant case is further bolstered by the factual similarities between this case and Edwards v. United States, 523 U.S. 511, 118 S. Ct. 1475 (1998).  In Edwards, the defendants challenged the district court's finding at sentencing that the drug conspiracy involved both cocaine *and* crack because the jury had returned only a general verdict and the district court had instructed the jury that the government needed to prove the conspiracy involved cocaine *or* crack.  Id. at 513, 118 S. Ct. at 1476-77. The Supreme Court first quickly dismissed the argument that the district court was not authorized to make this determination under the Guidelines.  Id. at 513-14, 118 S. Ct. at 1477.  The Supreme Court then dismissed the defendants' claims under the statute and the Constitution, including a Sixth Amendment challenge. See id. at 514-15, 118 S. Ct. at 1477-78; Brief for Petitioners at 30-39, Edwards v. United States, 523 U.S. 511, 118 S. Ct. 1475 (1998) (No. 96-8732).  As part of that discussion the Supreme Court stated:

> Of course, petitioners' statutory and constitutional claims would
> make a difference if it were possible to argue, say, that the
> sentences imposed exceeded the maximum that the statutes permit
> for a cocaine-only conspiracy.  That is because a maximum
> sentence set by statute trumps a higher sentence set forth in the

12

Guidelines. USSG § 5G1.1. But, as the Government points out, the sentences imposed here were within the statutory limits applicable to a cocaine-only conspiracy, given the quantities of that drug attributed to each petitioner.

Id. at 515, 118 S. Ct. at 1477-78.

The most significant aspect of Blakely was the Supreme Court's change with respect to the underlying assumption of what constitutes the relevant maximum for Apprendi purposes. The Court in Blakely looked to the standard range for second degree kidnaping as stated in the Washington Sentencing Guidelines, 53-months, instead of the 10 years authorized under another Washington statute for class B felonies. Blakely, 124 S. Ct. at 2537. However, as the above language makes clear, in Edwards the Supreme Court clearly viewed the maximum listed in the United States Code as the relevant maximum for Sixth Amendment purposes instead of the range listed in the Federal Sentencing Guidelines.[8] Although Edwards was decided prior to Apprendi, that decision seems to approve Edwards,

---

[8] Although the language of the opinion is itself clear, it is also true that if the Supreme Court had been focusing on the Guidelines to provide the relevant maximum, some of the Edwards petitioners' sentences (involving cocaine and crack) would have exceeded the range under the sentencing guidelines for a cocaine-only conspiracy. See Brief for Petitioners at 4, Edwards v. United States, 523 U.S. 511, 118 S. Ct. 1475 (1998) (No. 96-8732) (listing for each petitioner the district judge's findings with respect to drug type and quantity, the base offence level, the total offense level, the Guidelines range, and the sentence imposed); Brief for the United States at 5-6, Edwards v. United States, 523 U.S. 511, 118 S. Ct. 1475 (1998) (No. 96-8732) (listing for each petitioner the district judge's findings with respect to drug type and quantity); United States Sentencing Commission, Guidelines Manuel, § 2D1.1(c) (Nov. 1994).

13

not question it. In <u>Apprendi</u> the Supreme Court indicated in a footnote that the Guidelines were not before the Court and that <u>Apprendi</u> therefore expressed no view on the guidelines other than what the Court had already held. The Supreme Court then cited <u>Edwards</u> and quoted the first two sentences of the above language from <u>Edwards</u> in a parenthetical. <u>Apprendi</u>, 530 U.S. at 497 n.21, 120 S. Ct. 2348.

It is true that there apparently was no argument in <u>Edwards</u> to the effect that the maximums set out in the various Guidelines provisions constituted the relevant maximum for Sixth Amendment purposes; nevertheless, the Court did reject a Sixth Amendment challenge to the judicial fact finding there with respect to a sentence below the statutory maximum set out in the United States Code. Therefore, <u>Edwards</u>, particularly in light of its strong factual similarities to the instant case, further bolsters our view that any error in Duncan's sentencing was not "clear" or "obvious."[9]

For the foregoing reasons the judgment, sentence, and forfeiture of the district court are **AFFIRMED**.

_____

[9] In light of our decision that Duncan fails to satisfy the second prong of the plain error standard, the "obvious" or "clear" prong, we decline to address the other prongs.

14