[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10457
Non-Argument Calendar

_____

D. C. Docket No. 06-00279-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN JAIRO PERLAZA CARVAJAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 19, 2007)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, John Jairo Perlaza Carvajal appeals his 168-month

sentence for conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), (j) and 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), 21 U.S.C. § 960(b)(1)(B)(ii) and 18 U.S.C. § 2.[1]

## I. BACKGROUND

Carvajal was one of nine crew members on a small vessel transporting approximately 5,000 kilograms of cocaine. Carvajal was one of the vessel's four deck hands.

When the United States Coast Guard ("USCG") came upon the vessel, one of the crew members instructed the others to pour gasoline on the vessel and set it on fire in an attempt to destroy the cocaine. The USCG boarded the vessel and extinguished the fire, but not before two crew members sustained second and third degree burns that required several days of hospitalization. One of the burned co-defendants asked agents transporting him to the hospital to drive faster because he was in such extreme pain and had to be heavily sedated so that doctors could remove his burned skin.

---

[1]On October 6, 2006, the appendix to Title 46 was repealed and recodified as 46 U.S.C. §§ 70503 and 70506 with no relevant changes. See Pub. L. No. 109-304, 120 Stat. 1485 (2006).

Carvajal was indicted and pled guilty to both counts. The presentence investigation report ("PSI") set Carvajal's base offense level at 38, pursuant to U.S.S.G. § 2D1.1(a)(3), based on the 5,000 kilograms of cocaine discovered on the vessel. The PSI recommended a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 35. With a criminal history category of I, the PSI recommended an advisory guidelines range of 168 to 210 months' imprisonment.

Carvajal objected to the PSI's failure to include a two-level safety-valve reduction and a two-level minor-role reduction. At sentencing, the district court overruled Carvajal's objections and adopted the factual allegations and the guideline calculations in the PSI.

In mitigation, Carvajal noted his poverty in Colombia, his lack of education and his past and present family circumstances. Carvajal also noted the disparities among sentences in different districts around the country for importation offenses. Carvajal asked for a sentence below the advisory guidelines range.

The district court noted the significant amount of drugs involved in Carvajal's offenses, the seriousness of the offenses and the need for punishment that reflected the seriousness of the offenses. Stating that it had considered the advisory guidelines range and the 18 U.S.C. § 3553(a) factors, the district court

3

imposed a 168-month sentence, at the low end of the advisory guidelines range.

Carvajal filed this appeal.

## II.  DISCUSSION

### A.    Safety-Valve Reduction

On appeal, Carvajal argues that he was entitled to a two-level safety-valve reduction in his offense level.[2]

Under the safety-valve provision, if a defendant convicted of certain drug crimes satisfies certain criteria, a district court shall impose a sentence without regard to any statutory mandatory minimum, 18 U.S.C. § 3553(f), U.S.S.G. § 5C1.2,  and also give a two-level reduction in the defendant's offense level, U.S.S.G. § 2D1.1(b)(9).  A defendant has the burden to prove his eligibility for safety-valve relief.  United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997). Among the criteria that must be met, the defendant must prove that "the offense did not result in death or serious bodily injury to any person." U.S.S.G. § 5C1.2(a)(3).

Here, two of Carvajal's co-defendants suffered second and third degree burns on their bodies during an attempt to destroy the cocaine before it could be discovered by the USCG.  The co-defendants' burns were serious enough to

---

[2]We review a district court's safety-valve fact-finding for clear error.  United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

require hospitalization for several days and qualify as "serious bodily injury." See U.S.S.G. § 1B1.1 cmt. n.1(L) (defining "serious bodily injury" to include "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation"). Because two people sustained serious bodily injury during the offense, Carvajal failed to meet the criteria set forth in § 5C1.2(a)(3). Accordingly, the district court did not clearly err when it denied Carvajal a two-level safety-valve reduction.

## B.      Mitigating Role Reduction

Carvajal argues that the district court erred by denying him a four-level mitigating-role reduction.[3]

If the defendant was a minor participant in the criminal activity, the district court decreases the offense level by two levels. U.S.S.G. § 3B1.2(b). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. If the defendant was a minimal participant in the criminal activity, the district court decreases the

---

[3]We ordinarily review a district court's determination of a defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). However, because Carvajal did not seek a four-level minimal-role reduction, but rather a two-level minor-role reduction, in the district court, we review Carvajal's claim on appeal for plain error. See United States v. Duncan, 381 F.3d 1070, 1073 (11th Cir. 2004).

offense level by four levels. U.S.S.G. § 3B1.2(a). A minimal participant is one who "plays a minimal role in concerted activity"; this phrase "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 cmt. n.4. The defendant has the burden to establish his role in the offense by a preponderance of the evidence. United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

In determining whether a mitigating-role reduction applies, the district court considers two principles: (1) the defendant's role in the offense compared to the relevant conduct attributed to him in calculating his base offense level; and (2) the defendant's role compared to that of other participants in the offense. Id. at 940-45. "[I]n the drug courier context . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . . [and] may be dispositive – in and of itself – in the extreme case." Id. at 943. Additionally, "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43.

We cannot say that the district court's failure to give Carvajal a four-level minimal-role reduction was plain error. In calculating Carvajal's offense level, the district court held Carvajal accountable only for the amount of cocaine found on

6

the vessel. Thus, Carvajal's actual conduct and his relevant conduct are identical. Furthermore, the 5,000 kilograms of cocaine found on the vessel is a substantial quantity.

Moreover, Carvajal was not, as he maintains, the least culpable of the identifiable participants in the drug importation scheme. Carvajal was one of four deck hands on the vessel. While a deck hand may be less culpable than the captain of the vessel under whose command he works, this does not mean that Carvajal was a minimal participant. See id., 175 F.3d at 944 (stating that some conspiracies may not have minor participants). Carvajal's emphasis on other unidentified participants in the larger drug importation scheme is unavailing given that he was held accountable only for his involvement in the cocaine shipment found on the vessel. See id. (explaining that the district court should compare the defendant's role only to the other identifiable participants in the relevant conduct and that "[t]he conduct of participants in any larger criminal conspiracy is irrelevant").

## C. Reasonableness

Finally, Carvajal argues that his sentence is procedurally unreasonable because the district court miscalculated his advisory guidelines range by failing to give him safety-valve and minimal-role reductions. See United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005) (concluding that, after United States v.

7

Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court must correctly calculate and consider the advisory guidelines range in fashioning an appropriate sentence); United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006) (explaining that a sentence can be procedurally unreasonable if it fails to follow the requirements outlined in Booker).

We have concluded, however, that the district court properly calculated Carvajal's advisory guidelines range. Carvajal offers no other argument as to why his sentence is procedurally or substantively unreasonable. Furthermore, after our own review of the record and consideration of the § 3553(a) factors, we cannot say that Carvajal's 168-month sentence, at the low end of the advisory guidelines range, is unreasonable.

**AFFIRMED.**