[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13063
Non-Argument Calendar

_____

D. C. Docket No. 06-00498-CR-T-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY SALAS-PAREDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 16, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Henry Salas-Paredes was the captain of a go-fast boat spotted by the United States Coast Guard in international waters. When detected, the boat attempted evasive maneuvers. Unable to escape, the five men on the boat—Salas-Paredes, his three-man crew, and a "drug representative"—began to throw bales of cocaine overboard. The Coast Guard recovered approximately 1,746 kilograms of cocaine. The government charged Salas-Paredes with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) & 70506(b), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2, and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a) and 21 U.S.C. § 960(b)(1)(B)(ii).

After Salas-Paredes pleaded not guilty, he indicated a desire to change his plea, and the court scheduled a plea hearing. At that hearing, however, Salas-Paredes refused to sign the necessary papers, asking instead to speak with his attorney. The court stated that there was limited time for discussion because a trial was scheduled to begin soon. Salas-Paredes' attorney requested a continuance, which was granted, and at a hearing three weeks later Salas-Paredes pleaded guilty.

The probation office prepared a presentence investigation report, which

assigned Salas-Paredes a base offense level of thirty-eight because the crime involved more than one hundred fifty kilograms of cocaine. United States Sentencing Guidelines § 2D1.1(c)(1) (Nov. 2006). The report enhanced his offense level by two for being the captain of a vessel carrying a controlled substance. U.S.S.G. § 2D1.1(b)(2). Finally, it reduced his offense level by two for acceptance of responsibility. U.S.S.G. § 3E1.1(a). The net result was an adjusted offense level of thirty-eight. Based on that adjusted offense level and his criminal history category of I, the advisory guidelines range was 235 to 293 months imprisonment. The statutory minimum for his crimes is ten years imprisonment. 21 U.S.C. § 960(b)(1)(B)(ii).

At sentencing, Salas-Paredes made three objections. First, he argued that he was entitled to the additional one-level reduction under § 3E1.1(b) for timely notification of his intention to plead guilty. Second, he argued that he qualified for a two-level reduction under § 2D1.1(b)(11), which requires satisfaction of the conditions for the § 5C1.2 safety valve provision. Finally, he argued that he was entitled to a two-level § 3B1.2 minor role reduction.

The court decided that before ruling on Salas-Paredes' safety valve objection it needed to hear from the Drug Enforcement Agency agent who interviewed him after his arrest. The agent testified that Salas-Paredes recounted an implausible

3

version of events that contradicted information from the other individuals who were arrested with him. The court found that the agent was credible and that Salas-Paredes had not been forthcoming in his interview with the agent. The court concluded that, because full disclosure of information about the criminal enterprise with which the defendant was involved is a requirement of the § 5C1.2 safety valve provision, Salas-Paredes was not entitled to it. It also overruled his other two objections to the PSI. After considering the advisory guideline range and the § 3553(a) factors, the court sentenced Salas-Paredes to 235 months imprisonment and five years supervised released. This is Salas-Paredes' appeal of that sentence.

Salas-Paredes first contends that the district court erred by not giving him the § 3E1.1(b) acceptance of responsibility reduction. That provision allows a defendant who accepts responsibility for his offense to receive an additional one-level reduction in his offense level if, among other conditions, the government makes a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial." U.S.S.G. § 3E1.1(b). We review a district court's denial of acceptance of responsibility reductions only for clear error. United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005).

4

The government did not move the court to grant Salas-Paredes the § 3E.1.(b) one-level reduction. We have not yet decided under what circumstances a district court can review the government's decision not to file a § 3E1.1(b) motion. In the related context of government motions for downward departure based on substantial assistance under § 5K1.1, we have held that the government abuses its broad authority to decide whether or not to move the court for a downward departure only when its decision is unconstitutionally motivated. United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000). Salas-Paredes has not alleged an unconstitutional motive, so he has not made out a basis for finding that the government should have filed a § 3E1.1(b) motion. Therefore, the district court did not clearly err by refusing to give Salas-Paredes the one-level reduction.

Salas-Paredes next contends that the district court erred by not giving him a two-level reduction under § 2D1.1(b)(11) for meeting the conditions of the § 5C1.2 safety valve provision. Section 5C1.2(a)(5) requires that the defendant to provide the government with "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." Salas-Paredes argues that the information that he withheld from the DEA agent was not relevant to the charges against him, so his lies to the agent cannot be held against him. We review a district court's safety

5

valve fact-finding only for clear error.  United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

Even if Salas-Paredes' argument were correct, we may affirm the district court's decision not to apply a reduction for any reason supported by the record. See Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778 n.3 (11th Cir. 2002).  A condition of the safety valve provision upon which the district court did not explicitly rely is that "the defendant was not . . . [a] supervisor of others in the offense, as determined under the sentencing guidelines."  U.S.S.G. § 5C1.2(a)(4). In the recitation of offense conduct the PSI stated that Salas-Paredes was the captain of the boat used to carry the cocaine.  Salas-Paredes did not object to this statement, and it was adopted as a finding by the district court.  When a defendant does not challenge the facts in the PSI, they are deemed admitted.  United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).  Having admitted to supervising at least the three members of his crew Salas-Paredes was ineligible for the safety valve provision or the two-level reduction under § 2D1.1(b)(11).

Finally Salas-Paredes contends that he was entitled to a minor role reduction under § 3B1.2.[1]  He argues that he had a minor role in the offense because he was

---

[1]  Salas-Paredes also contends that he is entitled to a § 3B1.2(a) minimal role reduction. Because he raises this argument for the first time on appeal, we review this contention only for plain error.  See United States v. Duncan, 381 F.3d 1070, 1073 (11th Cir. 2004).  Since we conclude that the district court did not err in denying him the minor role reduction, it certainly

merely a courier, he did not load the drugs, and he did not recruit others to participate. We review a district court's finding that the defendant was not a minor participant in the offense only for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). In determining whether a defendant is entitled to a minor role reduction, the sentencing court should consider: (1) "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing"; and (2) his "role as compared to that of other participants in [his] relevant conduct." Id. at 940. Of the two prongs, the first is the more important and may be dispositive. Id. at 945. As to it, we have explained that, "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." Id. at 944.

At sentencing Salas-Paredes was held accountable only for his own actions—conspiring to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States and his possessing with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States—not a larger

---

did not err in not giving him a minimal role reduction.

conspiracy. Salas-Paredes admitted to captaining the go-fast boat carrying the cocaine, attempting to evade the Coast Guard, and throwing the cocaine overboard before the Coast Guard could search the boat. Further, the quantity of cocaine in this case is so great that it may preclude anyone directly involved from having a minor role. See United States v. Thomas, 870 F.2d 174, 177 (5th Cir. 1989) (one kilogram of cocaine found to be a substantial enough quantity to deny a minor-role reduction); United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989) (497 grams of cocaine found to be a substantial enough quantity to deny a minor-role reduction). All of these facts strongly support the district court's finding that Salas-Paredes did not play a minor role in the conduct for which he was held accountable.

As for relative culpability, the district court is to consider other participants in the offense only to the extent that they "are identifiable or discernable from the evidence" and "were involved in the relevant conduct attributed to the defendant." De Varon, 175 F.3d at 944. As captain of the boat, Salas-Paredes had a larger role than at least three of the four other men caught with him. He was also, presumably, the one who attempted to evade the Coast Guard. Of the other participants in the offense, only the drug representative was arguably more culpable than Salas-Paredes. Neither De Varon prong supports a finding of a

8

minor role.  The district court did not clearly err by denying him a minor role reduction.

AFFIRMED.