[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2009
THOMAS K. KAHN
CLERK

No. 08-12002
Non-Argument Calendar

_____

D. C. Docket No. 01-06092-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALEB GLENN WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 11, 2009)

Before BIRCH, CARNES, and FAY, Circuit Judges.

PER CURIAM:

Caleb Glenn Williams, a federal prisoner convicted of a crack cocaine

offense, appeals pro se the district court's denial of his 18 U.S.C. § 3582 motion.

Finding reversible error, we VACATE and REMAND for additional proceedings.

## I. BACKGROUND

In March 2002, Williams was sentenced to 130 months of imprisonment for conspiring to distribute less than 50 grams of cocaine base. R1-149 at 1-2; Doc. 130. Because Williams sold 44.11 grams of crack cocaine, his base offense level was 30. R1-149 at 7-9. He received a two-level reduction at sentencing, however, resulting in a total offense level of 28 and a criminal history category of V. Id. at 9. The district court sentenced Williams to the minimum sentence of his guideline range – 130 months. He did not appeal his conviction or sentence.

In March 2008, Williams filed a pro se § 3582(c)(2) motion to reduce his sentence based on amendments to the sentencing guidelines which reduced offense levels in certain crack cocaine cases. Id. at 2. Williams did not indicate what his new guideline range would be but requested a reduction to 96 months of imprisonment based on his acceptance of responsibility, his close ties with his siblings and children, his education and rehabilitation, and his ability to find employment. Id. at 7-9. The government did not respond to the motion. The district court's only stated reason for denying Williams' motion was that it had "carefully reviewed said Motion and the entire court file and [was] otherwise fully

2

advised in the premises." R1-150.

On appeal, Williams argues that the district court abused its discretion in denying him a two-level reduction under Amendment 706 and in failing to provide adequate reasons for its denial. In his reply brief, Williams also asserts for the first time that applying the revised version of the Sentencing Commission's policy statement, U.S.S.G. § 1B1.10, would violate the Ex Post Facto Clause of the United States Constitution.

## II. DISCUSSION

We review for abuse of discretion the denial of a § 3582 motion for sentence reduction. See United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam). Pursuant to § 3582(c)(2), a district court may reduce a sentence based on a guideline imprisonment range that has subsequently been lowered by the Sentencing Commission. See id. Amendment 706 retroactively reduces certain base offense levels and guideline ranges for crack cocaine offenses. See United States v. James, 548 F.3d 983, 984-85 (11th Cir. 2008) (per curiam). As a result of Amendment 706, base offense level 28 (rather than level 30) now applies to offenses involving between 35 and up to 50 grams of crack cocaine. See U.S.S.G. § 2D1.1(c)(6) (Nov. 2008).

Any reduction pursuant to Amendment 706 must be "consistent with

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

3582(c)(2). Policy statement §1B1.10(b)(2) prohibits reductions below the

minimum of the amended guideline range except where the original term of

imprisonment was less than the original guideline range. See U.S.S.G.

§1B1.10(b)(2)(A)-(B). Moreover, the reduced term of imprisonment may not be

less than that which the defendant has already served. See U.S.S.G.

§1B1.10(b)(2)(C).

The district court must follow a two-step procedure in evaluating a

§ 3582(c)(2) motion. See United States v. Bravo, 203 F.3d 778, 780 (11th Cir.

2000). First, the district court must determine the new base offense level under the

guideline amendment, leaving intact all other original guideline application

decisions. See id. Second, the court must decide whether it will exercise its

discretion to impose the newly calculated sentence or retain the original sentence.

See id. at 781. This determination requires consideration of the factors listed in 18

U.S.C. § 3553(a)[1] and the danger a reduction would pose to any person or the

community. See U.S.S.G. §1B1.10, comment. (n.1(B)(i)-(ii)). Additionally, a

---

[1]The factors outlined in § 3553(a) include in part: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (4) the need for adequate deterrence to criminal conduct; (5) the protection of the public from further crimes of the defendant; and (6) the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

court may consider the defendant's post-sentencing conduct in assessing the appropriateness and amount of a reduction. See id. at comment. (n.1(B)(iii)). Although a district court is not required to make specific findings regarding each § 3553(a) factor, the record must demonstrate that the court considered these factors. See United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).

The district court abused its discretion here because the record fails to establish that it engaged in the two-step analysis outlined above.[2] As for the first step, there is no indication that the court calculated or considered Williams' new guideline range under Amendment 706. Williams' § 3582(c)(2) motion did not include his amended guideline range and the government did not file a response. The parties now agree that Amendment 706 lowers Williams' base offense level from 30 to 28 and that his total offense level is 26 after factoring in the two-level reduction applied at the original sentencing hearing. Based on his criminal history category of V, his amended sentencing range is 110 to 137 months of imprisonment. See U.S.S.G. Ch. 5, Pt. A. This places Williams' original sentence of 130 months of imprisonment at the higher end of the amended guideline range, whereas the district court initially sentenced him to the low end of the guideline

---

[2]The government concedes that "there is nothing in the record that would even support an inference that the district court engaged in the two-step *Bravo* analysis in ruling on Williams's § 3582(c)(2) motion." Brief for the United States at 12.

5

range.

As for the second step, we infer from the record that the district court considered the appropriate § 3553(a) factors in light of Williams' repeated reference to these factors in his § 3582(c)(2) motion. Given that Williams' motion did not specifically identify every § 3553(a) element, however, we encourage the district court on remand to enunciate sufficient reasons in its order demonstrating that the pertinent factors have been considered. See Eggersdorf, 126 F.3d at 1322. In any event, the district court should not consider whether to reduce Williams' sentence in light of the § 3553(a) factors until after it substitutes the amended guideline range. See Bravo, 203 F.3d at 781.

A final matter remains regarding Williams' argument that applying the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10 would violate the Ex Post Facto Clause of the United States Constitution. It is well established that any issue not raised in the initial brief is waived on appeal. See United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004) (per curiam). As Williams raised this issue for the first time in his reply brief, it has been waived. See id. Even if he had properly raised this issue, the district court would have lacked jurisdiction to consider it because a court may not address extraneous resentencing issues such as constitutional claims in a § 3582(c)(2) proceeding. See Bravo, 203 F.3d at 782.

6

### III. CONCLUSION

Williams is eligible for a two-level reduction in his base offense level pursuant to Amendment 706, which would reduce his total offense level from 28 to 26. Because the record does not reflect that the district court substituted the amended guideline range before determining whether to retain Williams' original sentence, we conclude that the court abused its discretion in denying his motion for sentence reduction. Accordingly, we VACATE and REMAND for further proceedings consistent with this opinion.

VACATED AND REMANDED.