[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10016
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:93-cr-00249-RAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE MALLOY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 23, 2010)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Terrance Malloy appeals the district court's revocation of his supervised release, made pursuant to 18 U.S.C. § 3583(e)(3).  On appeal, he argues that: (1) the

district court abused its discretion when it concluded that he committed a violation of Fla. Stat. § 316.1935(3), even though state officials only charged him with a violation of § 316.1935(1); and (2) his 59-month sentence is substantively unreasonable. After thorough review, we affirm.

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Our "reasonableness" review "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Malloy's claim that the district court abused its discretion when it concluded that he committed a violation of Fla. Stat. § 316.1935(3). "Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment." Sweeting, 437 F.3d at 1107. A mandatory term of supervised release is that the defendant not commit another federal, state, or local crime. 18 U.S.C. § 3583(d). The commentary to the policy statements in the Sentencing Guidelines provides that a defendant may be charged with violating this mandatory term "whether or not the defendant has been the subject of a separate federal, state, or local prosecution for

2

such conduct." U.S.S.G. § 7B1.1 comment. (n.1). Although these policy statements are not binding on the district court, it is still required to consider them. See United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).

On the record here, the district court acted within its discretion when it revoked Malloy's supervised release by finding by a preponderance of the evidence that he violated Fla. Stat. § 316.1935(3), even though state officials only charged him with a violation of § 316.1935(1). Nothing in 18 U.S.C. § 3583(e)(3) requires the district court to base its revocation decision on only those violations charged by state officials, and the Sentencing Guidelines acknowledge this fact by indicating that district courts may revoke a defendant's supervised release based on conduct that state officials choose not to prosecute. See U.S.S.G. § 7B1.1 comment. (n.1). The district court's consideration of, and ultimate agreement with, the Guidelines, standing alone, does not amount to an abuse of discretion. Accordingly, we affirm the district court's decision to revoke Malloy's supervised release.

Nor has Malloy shown that his resulting sentence was substantively unreasonable. We review the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the

3

district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[1]

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and brackets omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted). The burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

Malloy's 59-month, above guidelines sentence is substantively reasonable. As the record shows, the district court analyzed Malloy's history and characteristics, recognizing that it had previously given Malloy multiple breaks, yet Malloy

---

[1] The § 3553(a) factors a court should consider in sentencing a defendant after a revocation of supervised release include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to deter criminal conduct, protect the public from the defendant's further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing guideline range; (4) any pertinent policy statement; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution to victims of the offense. See 18 U.S.C. §§ 3553(a) and 3583(e).

continued to engage in criminal activity. The court further noted that Malloy had previously fled and eluded police officers, which resulted in an officer having to seek immediate medical treatment. And here, Malloy again fled and eluded police officers without regard for the safety of others. The district court thus concluded that fleeing and eluding constituted a crime of violence under § 316.1935(3) because Malloy showed wanton disregard for the safety of the neighborhood, other drivers, and the police officers, and Malloy does not contest this conclusion. Based on this conduct, the court also concluded that a reasonable sentence was the statutory maximum penalty. In reaching this conclusion, the court placed more weight on the seriousness of the crime and Malloy's history and characteristics, and less weight on Malloy's arguments in mitigation, which is within its sole discretion. See Amedeo, 487 F.3d at 832.

In addition, the court's findings regarding the important § 3553(a) factors are supported by the record, and Malloy's illegal activities occurred just over four months after he began his term of supervised release. Thus, Malloy has not demonstrated a clear error of judgment in the court's weighing of the § 3553(a) factors. Further, the district court had the authority to vary the sentence above the guidelines range because Chapter Seven of the Sentencing Guidelines is "merely advisory." United

5

States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).  Accordingly, we affirm

his sentence as substantively reasonable.[2]

      **AFFIRMED.**

---

[2] Malloy has failed to offer any argument in his initial brief regarding the procedural reasonableness of his sentence, the district court's use of uncharged conduct in determining the grade of his supervised release violation, or the sufficiency of the evidence for a § 316.1935(3) violation.  He therefore has abandoned any argument pertaining to these issues.  See United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004) (holding that "issues not raised by a defendant in his initial brief on appeal are deemed waived").  However, to the extent Malloy suggests that the district court did not consider specific mitigating evidence in determining his sentence -- a procedural argument -- Malloy's argument is without merit because the district court considered the § 3553(a) factors, and it was under no obligation to discuss each mitigating factor individually.  See Amedeo, 487 F.3d at 833.