[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 10, 2004
THOMAS K. KAHN
CLERK

_____

No. 02-16224

_____

D. C. Docket No. 00-00135-CR-ORL-19

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARLAND GEORGE CURTIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2004)

Before ANDERSON, BLACK and HILL, Circuit Judges.

BY THE COURT:

On July 19, 2004, after oral argument but prior to disposition on the merits of his direct appeal, Garland George Curtis filed a motion for leave to file a supplemental brief asserting, for the first time, a challenge to this sentence. Curtis seeks to argue that his sentencing enhancements were unconstitutional under Blakely v. Washington, 125 S.Ct. 2531 (2004). For the following reasons, we deny the motion.

I.

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." In June 2004, the Court extended this rule to include state sentences that are not beyond the statutory maximum. Blakely v. Washington, 125 S.Ct. 2531 (2004). Although he raised no issue at all regarding his sentence in his initial brief, reply brief, or at oral argument, Curtis now seeks to file a supplemental brief prior to our decision on the merits of his appeal, arguing that his sentencing enhancements were

unconstitutional.[1]

We have recently denied a petition for rehearing based upon a newly asserted Blakely claim. United States v. Levy, ___ F.3d ___ (11th Cir. 2004). We explained that the long-standing rule in this circuit has been that we do not consider issues or arguments raised for the first time on petition for rehearing. Id. at ___ (citing inter alia United States v. Martinez, 96 F.3d 473, 475 (11th Cir. 1996)); Scott v. Singletary, 38 F.3d 1547, 1552 n.7 (11th Cir. 1994); United States v. Fiallo-Jacome, 874 F.2d 1479, 1481 (11th Cir. 1989)). Levy applies this rule in the context of a Blakely claim raised for the first time in a petition for rehearing after an appellate decision on the merits.

Levy and the cases relied upon therein based their decisions upon the equally long-standing rule in this circuit, as well as in the federal rules themselves, that issues not raised by a defendant in his initial brief on appeal are deemed waived. See also United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001) ("[O]ur well established rule is that issues and contentions not timely raised in the briefs are deemed abandoned"); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) ("[S]ince Wilkerson did not raise this issue until her supplemental

---

[1]     Curtis received enhancements based upon two facts found by the sentencing judge – obstruction of justice and vulnerable witness.

3

reply brief, we deem it abandoned...."); <u>United States v. Ardley</u>, 242 F.3d 989, 990 (11th Cir. 2001) ("[W]e apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned"). <u>See also</u> Fed.R.App.P. 28(a)(5) (parties must submit <u>all</u> issues on appeal in their initial briefs); 11th Cir. R. 28-1, I.O.P.-5 (supplemental briefs may be filed only with the court's permission, which will be granted only when intervening decisions or new developments related to an issue <u>already properly raised in the party's initial brief</u>).

This rule does not apply differently in a case, such as this, where the motion is to file a supplemental brief raising an issue for the first time <u>prior to</u> a decision on the merits of the direct appeal. We have so held in the context of an <u>Apprendi</u>-based claim raised for the first time in supplemental briefing prior to the decision on the merits. <u>United States v. Nealy</u>, 232 F.3d 825, 830 (11th Cir. 2000). In <u>Nealy</u>, the defendant raised one sentencing issue in his initial brief. Shortly thereafter, the Supreme Court decided <u>Apprendi</u>, and we ordered supplemental briefing regarding the effect of <u>Apprendi</u> on defendant's previously raised sentencing claim. In his supplemental brief, defendant attempted to assert a totally new, but <u>Apprendi</u>-based, attack on his sentence. We refused to consider the newly-asserted claim, even though it was raised under <u>Apprendi</u>, because

4

"[p]arties must submit all issues on appeal in their initial briefs." Id. We made clear then that an appellant abandons any claim, including an Apprendi claim, not raised in his initial brief. Id. See also Wilkerson, 270 F.3d at 1322; United Stats v. Padilla-Reyes, 247 F.3d 1158, 1164 (11th Cir. 2001).

Curtis' motion requires us to decide if this long-standing rule that issues not properly raised in an initial brief are deemed abandoned applies in the context of a Blakely-based claim sought to be raised by way of supplemental briefing. We hold that it does. In this appeal of his conviction, Curtis raised no issue whatsoever with respect to his sentencing in his initial brief. He now seeks to file a supplemental brief attacking that sentence for the first time based upon the Supreme Court's decision in Blakely. Inasmuch as he failed to raise this issue in his initial brief, he has waived the right to do so now. Levy, ___ F.3d at ___; Ford, 270 F.3d at 1347; Nealy, 232 F.3d at 830. We also discern no miscarriage of justice that would result on account of Curtis' inability to raise his proposed Blakely issue. See Levy, ___ F.3d at ___ n.3.[2] Accordingly, the motion to file a

---

[2]    Curtis not only failed to raise this issue in a timely manner on appeal, but also failed to raise the issue in the district court or at sentencing.   Therefore, even if the issue had been adequately raised on appeal, we would have been limited to plain error review. To find reversible error under the plain error standard, we must conclude that (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) that failure to correct the error would result in a miscarriage of justice or where the error so seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Richardson, 304 F.3d 1061, 1064 (11th Cir. 2002) (quotations and citations omitted). With respect to the second

supplemental brief raising a <u>Blakely</u> claim will be denied.


## II.

Appellant's motion to file a supplemental brief attacking his sentence based upon the Supreme Court's decision in <u>Blakely v. Washington</u> is DENIED.

---

prong, we cannot conclude that it is obvious from <u>Blakely</u> that it applies to the Federal Sentencing Guidelines; there is considerable disagreement amongst jurists and amongst the circuits:  <u>compare</u> <u>United States v. Booker</u>, ___ F.3d ___, 2004 WL 1535858 (7th Cir. July 9, 2004) (2-1 decision) (holding that <u>Blakely</u> applies to sentences imposed under the Federal Sentencing Guidelines over a dissent by Judge Easterbrook espousing the opposing view), <u>United States v. Ameline</u>, ___ F.3d ___, 2004 WL 1635808 (9th Cir. July 21, 2004) (2-1 decision) (holding that <u>Blakely</u> applies to sentences imposed under the Federal Sentencing Guidelines), and <u>United States v. Mooney</u>, ___ F.3d ___, 2004 WL 1636960 (8th Cir. July 27, 2004) (2-1 decision) (holding that <u>Blakely</u> rendered the Federal Sentencing Guidelines unconstitutional) <u>with</u>, <u>United States v. Pineiro</u>, ___ F.3d ___, 2004 WL 1543170 (5th Cir. July 12, 2004) (holding that <u>Blakely</u> does not apply to the Federal Sentencing Guidelines) and <u>United States v. Hammoud</u>, 2004 WL 1730309 (4th Cir. Aug 02, 2004) (en banc) (unpublished order with majority and dissenting opinions forthcoming) (holding that <u>Blakely</u> did not operate to invalidate the appellant's sentence).  <u>See also</u> <u>United States v. Penaranda</u>, ___ F.3d ___, 2004 WL 1551369 (2d Cir. July 12, 2004) (en banc) (certifying question of <u>Blakely</u>'s application to the Supreme Court). With respect to the fourth prong, we discern no miscarriage of justice in the case, nor do we believe this case presents a situation that seriously affects the fairness, integrity or public reputation of judicial proceedings. Accordingly, as an alternative basis for our decision, we conclude that Curtis has failed to demonstrate plain error.