[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2005
THOMAS K. KAHN
CLERK

_____

No. 02-16224

_____

D.C. Docket No. 00-00135-CR-ORL-19

UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

GARLAND GEORGE CURTIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 28, 2005)**

Before ANDERSON, BLACK and HILL, Circuit Judges.

PER CURIAM:

The panel in this case issued an Order on August 10, 2004, published in 380 F.3d 1308 (11th Cir.2004), denying Curtis' motion to file a supplemental brief to assert for the first time a challenge to his sentence under *Blakely v. Washington,* --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In an alternative holding, footnote two of that Order noted that Curtis had not only failed to raise the *Blakely* issue in a

timely manner on appeal, but had also failed to raise the issue in the district court or at sentencing. Accordingly, footnote two conducted a plain error analysis, and concluded that Curtis failed to satisfy the second prong because it was not obvious and also failed to satisfy the fourth prong. A petition for rehearing en banc was filed.[1] We construe this also as a petition for rehearing by the original panel. We now grant panel rehearing with respect to the Order entered by the panel on August 10, 2004, and published in 380 F.3d 1308. However, we decline to make any change in the text of that August 10, 2004, Order.[2] Rather, we hereby grant rehearing for the sole purpose of withdrawing footnote two as it appeared in the Order published in 380 F.3d 1308, and we now substitute the following footnote two in its stead:

> Footnote Two. Curtis not only failed to raise this issue in a timely manner on appeal, but also failed to raise the issue in the district court or at sentencing. Therefore, even if the issue had been adequately raised on appeal, we would have been limited to plain error review. We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano,* 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-79, 123 L.Ed.2d 508 (1993).
>
> The plain error analysis in the instant case is controlled by the recent opinions of this Court in *United States v. Rodriguez,* --- F.3d ---- (11th Cir. February 4, 2005), and *United States v. Duncan,* --- F.3d ---- (11th Cir. February 24, 2005). As in *Rodriguez,* Curtis can satisfy the first two prongs of the plain error analysis. However, as in *Rodriguez,* Curtis cannot satisfy the third prong. To satisfy the third prong, Curtis must show that the error affected

---

[1]On August 11, 2004, one day after the foregoing Order, this panel issued *United States v. Curtis,* 380 F.3d 1311 (11th Cir.2004), resolving the merits of Curtis' appeal, rejecting his motion for a mistrial or new trial, and affirming his conviction. A separate petition for rehearing en banc was filed challenging that August 11, 2004, decision. That petition remains pending. The instant decision does not affect the panel's August 11, 2004, decision or the petition challenging it.

[2]Curtis also urges us to revisit our Order denying Curtis' motion to file a supplemental brief. This we decline to do for the reasons indicated in the text of the Order published in 380 F.3d 1308, which text is reaffirmed in this opinion.

his substantial rights, which almost always requires that the error must have affected the outcome of the proceedings below. *Rodriguez,* --- F.3d at ---- . Moreover, Curtis bears the burden of persuasion with respect to establishing such prejudice. *Id.* The *Rodriguez* panel identified *Booker* error as follows: the error "is not that there were extra-verdict enhancements—enhancements based on facts found by the judge that were not admitted by the defendant or established by the jury verdict—that led to an increase in the defendant's sentence. The error is that there were extra-verdict enhancements used in a mandatory guidelines system." *Id.* at ----. Therefore, "in applying the third prong, we ask whether there is a reasonable probability of a different result if the Guidelines had been applied in an advisory instead of binding fashion by the sentencing judge." *Id.* at ----.

Applying the *Rodriguez* analysis, we conclude that Curtis cannot in this case satisfy the third prong of the plain error analysis. Nothing in the instant record suggests that there is a reasonable probability of a different result if the sentencing judge here had applied the Guidelines in an advisory instead of a mandatory fashion. Indeed, we note that the sentencing judge sentenced Curtis to the maximum term of imprisonment permitted by the relevant Guideline, an action which is inconsistent with any suggestion that the sentencing judge might have imposed a lesser sentence if the judge had realized the Guidelines were advisory. Because Curtis bears the burden of persuasion, and because he cannot establish that his substantial rights were affected, Curtis cannot satisfy the third prong of the plain error analysis. Because Curtis cannot satisfy the third prong, we need not address the fourth prong.

In summary, this opinion on panel rehearing reaffirms the text of the Order originally published in 380 F.3d 1308, with the only change being that footnote two as it originally appeared in that Order is withdrawn and the new footnote two set out above is substituted in lieu of and instead of the original footnote two.

The petition for panel rehearing is GRANTED and the Order published in 380 F.3d 1308 is MODIFIED as herein specified.