[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-16404

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00452 CR-T-20-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK R. TUGMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 8, 2006)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before DUBINA and FAY, Circuit Judges and GOLDBERG*, Judge.

PER CURIAM:

_____
*Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

This case is before the court for consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Tugman previously appealed his convictions and sentences for various securities and money laundering offenses. He also appealed the district court's forfeiture order. We affirmed Tugman's convictions and sentences. *See United States v. Tugman*, 129 Fed. Appx. 597 (11th Cir. 2005) (unpublished table decision). The Supreme Court vacated our prior decision and remanded the case to us for further consideration of *Booker*. *Tugman v. United States*, 126 S. Ct. 410, 163 L. Ed. 2d 313 (2005). For the reasons that follow, we once again affirm Tugman's convictions and sentences.

We conclude from the record that Tugman is not entitled to relief because he did not attempt to raise a *Blakely* or *Booker* type issue until after he had filed his reply brief. Nothing in the Supreme Court's remand "for further consideration in light of [*Booker*]" even suggests, let alone requires, that this court consider the *Booker* issue on the merits. Moreover, even if we were to consider the issue, Tugman would not be entitled to relief because he cannot satisfy the requisites for plain-error relief.

Because Tugman did not raise a *Booker* type issue in his initial brief, we correctly declined to consider that issue when Tugman repeatedly tried to inject it

into this appeal. *See, e.g., United States v. Day*, 405 F.3d 1293, 1294 n.1 (11th Cir.) (*Blakely* argument raised for the first time in reply brief is deemed waived or abandoned), *cert. denied*, 126 S. Ct. 432 (2005); *United States v. Curtis*, 380 F.3d 1308, 1310 (11th Cir. 2004) ("*Levy* and the cases relied upon therein based their decisions upon the equally long-standing rule in this circuit, as well as in the federal rules themselves, that issues not raised by a defendant in his initial brief on appeal are deemed waived."); *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) (appellant waived his *Blakely* claim by not raising it in his initial brief on appeal; "this Court . . . repeatedly has refused to consider issues raised for the first time in an appellant's reply brief."), *reinstated after vacatur*, 416 F.3d 1273 (11th Cir.), *cert. denied*, 126 S. Ct. 643 (2005); *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000) (*Apprendi* issue could not be raised for first time in supplemental brief).

Even if we review Tugman's sentence on the merits, however, he would not be entitled to relief because he did not preserve this issue in the district court and cannot satisfy the third and fourth requisites to relief on plain error review. If Tugman had properly raised this issue on appeal, he would be entitled to relief only if he demonstrated: (1) error, (2) that it is plain, (3) that affects his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of

3

judicial proceedings.  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied*, 125 S. Ct. 2935 (2005).  "To establish the third prong [of plain error review] takes something more than showing the district court sentenced within the Guidelines range and felt bound to do so, especially given that the Guidelines range remains an important factor in sentencing."  *United States v. Shelton*, 400 F.3d 1325, 1332 (11th Cir. 2005).  Rather, Tugman must show that "there is a reasonable probability of a different result if the Guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Rodriguez*, 398 F.3d at 1301.  Because the district court imposed a sentence at the low end of the Guidelines range "does not establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime." *United States v. Fields,* 408 F.3d 1356, 1361 (11th Cir. 2005).

We have reviewed the lengthy sentencing transcript in this case and conclude that nothing contained therein even hints that the district court would have imposed a lower sentence under an advisory Guidelines regime.  The district court rejected Tugman's request for downward departure stating that Tugman "knows these monies are wrongfully obtained, fraudulently obtained, and has no problem at all with directing other people to secret[e] them and spend them and get the money to him so that he can spend it." [Doc. 182 at 107.]  The district court

4

made a point of denouncing Tugman's ploy of getting his young stepdaughter to withdraw the embezzled funds from her account so that he could spend the funds, when they should have been used to repay the victims of the scheme. [Doc. 182 at 113-15.] Simply put, we conclude from the record that Tugman fails to establish that the *Booker* error affected his substantial rights. *See Rodriguez*, 398 F.3d at 1301.

Tugman also asserts that the district court would have imposed a lower sentence had it understood that the Guidelines were advisory. Tugman is simply speculating that the district court would have imposed a lower sentence because it could have done so under the advisory Guidelines scheme. "To establish the third prong [of plain error review] takes something more than showing the district court sentenced within the Guidelines range and felt bound to do so, especially given that the Guidelines range remains an important factor in sentencing." *Shelton*, 400 F.3d at 1332.

Additionally, Tugman contends that the district court would have reduced his sentence based on its finding that Tugman did not receive all the benefits of his crime, despite the fact that the court did not find Tugman's conduct to be sufficiently unusual for it to be outside the heartland of fraud cases. Once again, we view this argument as pure speculation. The district court did not depart

downward on this ground, nor did the court say anything suggesting that it thought a low-end sentence was too high, or unreasonable, or unwarranted. Rather, the district court stated that, because Tugman "did not directly receive all of the benefits of these fraudulent acts," the court would sentence him at the low end of the Guidelines range. [Doc. 182 at 115.]

Finally, we conclude from the record that Tugman has failed to demonstrate that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings, thereby justifying the exercise of this court's discretion to notice the *Booker* error.

In conclusion, we hold that *Booker* does not apply to this case because Tugman did not raise a *Booker* type issue in his initial brief and, in any event, he has failed to satisfy the requirements for reversal under plain error review. There is no constitutional or statutory *Booker* error. Accordingly, we once again affirm Tugman's convictions and sentences and reinstate our previous panel opinion.

**OPINION REINSTATED; CONVICTIONS AND SENTENCES AFFIRMED.**