[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 05, 2009
THOMAS K. KAHN
CLERK

No. 08-14169
Non-Argument Calendar
_____

D. C. Docket No. 07-00216-CR-F-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER RUSSAW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(February 5, 2009)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alexander Russaw appeals from his 71-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Russaw argues that: (1) his sentence was procedurally unreasonable because the district

court relied too heavily on the advisory sentencing range, did not adequately explain the basis for the sentence, and speculated as to whether he would be charged with attempted murder;[1] and (2) his sentence was substantively unreasonable because his sentence was greater than necessary. After thorough review, we affirm.

Generally, we review a sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[2] If we

---

[1] Russaw also argued in his reply brief that the district court failed to comply with 18 U.S.C. § 3553(c)(1). However, this argument was waived because it was not raised in his initial brief on appeal. United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004).

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In complying with § 3553(c), "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 127 S. Ct. at 2468. However, "[t]he appropriateness of . . . what to say, depends upon [the] circumstances." Id. Generally, when sentencing inside the advisory guideline range, the district court is not required to state explicitly that it

---

offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

has considered each of the § 3553(a) factors in open court, or give a lengthy explanation for its sentence. See United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (citing Rita, 127 S. Ct. at 2468-69).

First, we reject Russaw's claim that his sentence was procedurally unreasonable. Our review of the record shows that the district court adequately considered the § 3553(a)(1) factors, noting that the sentence was based upon the statutory factors and explaining which factors influenced the sentence. Agbai, 497 F.3d at 1230. In addition, the district court considered Russaw's mitigating evidence, including his difficult childhood along with his criminal history, and said that it was sympathetic towards Russaw's past and recommended that he receive mental health treatment. Moreover, the district court did not appear to place undue weight on the guideline sentencing range because it acknowledged that the range was advisory, and explained which factors it was considering. Nor did the district court place undue weight on Russaw's criminal record because the district court discussed other sentencing factors when it explained why it considered a sentence of 71 months' imprisonment to be appropriate. Finally, any speculation by the district court as to whether Russaw would be charged with attempted murder did not appear to be the basis for the sentence. On this record, Russaw has not shown that his sentence was procedurally unreasonable.

4

We likewise do not agree with Russaw that his sentence was substantively unreasonable. As the record shows, Russaw has an extensive criminal record and anger-management problems; the offense involved Russaw shooting a firearm at someone; and there is a need to provide him help and to protect society from him. Considering these factors, a sentence of 71 months' imprisonment, which was at the top of the advisory guideline range, does not appear to be unreasonable. Nor is there any indication, as discussed above, that the district court considered only one factor from § 3553(a)(1). Further, Russaw was sentenced within the advisory guideline sentencing range, and we expect a sentence within the guideline sentencing range to be reasonable. Talley, 431 F.3d at 788. Accordingly, Russaw did not carry his burden to show that his sentence was unreasonable. Id.

**AFFIRMED.**