[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14829

_____

D.C. Docket No. 06-00041-CV-T-17-TBM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2009
THOMAS K. KAHN
CLERK

LORI MITCHELL,

Plaintiff-Appellant,

versus

ALLSTATE INSURANCE COMPANY,
a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 31, 2009)

Before CARNES, HULL, and COX, Circuit Judges.

PER CURIAM:

Lori Mitchell sued Allstate Insurance Company, alleging claims under Fla. Stat. § 624.155 for bad faith practices. Allstate moved for summary judgment, which the district court granted.

The district court granted summary judgment on three independent grounds. First, the Civil Remedy Notices, required by Fla. Stat. § 624.155(2) (2000) as a condition precedent to suing an insurer under § 624.155, were inadequate. Second, Mitchell's claims were barred by the litigation privilege. Third, Allstate could not be held liable for the actions of third parties.

Mitchell appeals the district court's grant of summary judgment, arguing only that the district court erred in concluding that her Civil Remedy Notices were inadequate. Allstate contends that Mitchell has abandoned any argument that the two other grounds for summary judgment were inappropriate, and therefore the grant of summary judgment must be affirmed. We agree. An appellant abandons an issue if she does not raise it in her initial brief. *E.g., Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008)*; United States v. Curtis*, 380 F.3d 1308, 1310 (11th Cir. 2004). Here, Mitchell does not argue in her initial brief that there was any error in the district court's grant of summary judgment based on the litigation privilege or the principle that Allstate could not be held liable for the actions of third parties. We therefore consider these issues abandoned. Because there are two other, independent grounds for the district court's grant of summary judgment not challenged in this appeal, we need not decide whether the Civil Remedy Notices were adequate. We affirm the district court's grant of summary judgment.

AFFIRMED.[1]

---

[1]This case was originally scheduled for oral argument, but the panel unanimously determined pursuant to 11th Cir. R. 34-3(f) to decide it without oral argument.

3