[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12516
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-60255-WJZ

ROSE J. SPANO,

Plaintiff–Appellant,

versus

MICHAEL SATZ,
Individually and as a State Attorney employee,

Defendant,

DAVID SCHULSON,
Individually and as State Attorney employee,
ANGELO PAZIENZA,
Individually and as a State Attorney employee,
HONORABLE ANSTEAD,
Individually and as a Justice of the Supreme Court of Florida,
HONORABLE PARIENTE,
Individually and as a Justice for the Supreme Court of Florida,
HONORABLE LEWIS,
Individually and as a Justice for the Supreme Court of Florida,
HONORABLE QUINCE,
Individually and as a Justice for the Supreme Court of Florida,
HONORABLE CANTERO,

Individually and as a Justice for the Supreme Court of Florida,
HONORABLE BELL,
Individually and as a Justice for the Supreme Court of Florida,
DEPARTMENT OF CORRECTIONS,
DOUGLAS SWERDOWSKI,
Individually and under color of title,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 12, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Rose J. Spano was suspended and ultimately disbarred from the practice of law in Florida. She brought a suit in federal court alleging, among other things, that the procedures resulting in her suspension and disbarment, and the rules that governed those procedures, deprived her of due process and equal protection. Among those she sued were the Justices of the Florida Supreme Court. The district court granted the Justices's motion to dismiss Spano's claims against them for lack of subject matter jurisdiction. Spano appeals that order.[1]

_____

[1] Although it is unclear from her notice of appeal, Spano's briefs make plain that she challenges only the dismissal of the Justices. Accordingly, she has abandoned all claims on

We review *de novo* a district court's resolution of a motion to dismiss for lack of subject matter jurisdiction. *Community State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011). But we will not address arguments not made in an appellant's initial brief. *United States v. Curtis*, 380 F.3d 1308, 1310 (11th Cir. 2004). Nor will we develop on our own issues that a party mentions only in passing. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010); *see also* Fed. R. App. P. 28(a)(5), (9).

The district court determined that it lacked subject matter jurisdiction over Spano's claims against the Justices because they were not "persons" within the meaning of 42 U.S.C. § 1983. Yet Spano's argument in her initial brief consists entirely of direct challenges to the underlying state disciplinary proceedings. Beyond a cursory reference in the first sentence of her brief setting forth the procedural history, Spano nowhere else mentions the district court's judgment. And she devotes no attention whatsoever to the substance of the district court's determination that the Justices were not amendable to suit in their official capacities under § 1983. None of the cases Spano cites in her initial brief were brought under § 1983, so they provide no authority for determining whether the

---

appeal against David Schulson, Angelo Pazienza, the Department of Corrections, and Douglas Swerdowski. *Harris v. United Auto. Ins. Group*, 579 F.3d 1227, 1231 n.1 (11th Cir. 2009) (claims not raised on appeal are abandoned).

district court's interpretation of the language of that statue to require dismissal of her claims was in error.  Instead, Spano frames the issue on appeal as whether "the Florida Supreme Court reversibly erred" in suspending and ultimately disbarring her.  That issue is not properly before us and therefore is not a basis for reversal.

Because we conclude that Spano has waived any argument that the district court erred in dismissing her claims against the Justices for lack of subject matter jurisdiction, we affirm the judgment of the district court.  *Curtis*, 380 F.3d at 1310.

**AFFIRMED**.