[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15904
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00267-AT-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR ALONSO-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 23, 2014)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Victor Alonso-Martinez appeals the substantive reasonableness of his 36-month imprisonment sentence for illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b)(2).  We affirm.

## I.  BACKGROUND

Alonso-Martinez was arrested on May 29, 2013 in Georgia for driving without a valid license.  Investigation revealed he previously had been deported and was not lawfully in the United States.  He was transferred to the custody of United States Immigration and Customs Enforcement ("ICE").  In July 2013, a federal grand jury charged Alonso-Martinez with illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a), (b)(2).  He pled guilty without a written plea agreement.

Under the Sentencing Guidelines, Alonso-Martinez had a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a).  He received a 16-point increase under § 2L1.2(b)(1)(A)(ii), because he previously had been deported after sustaining a conviction for a felony crime of violence.  Specifically, Alonso-Martinez had been convicted of two counts of aggravated assault in Kansas.  He had placed his former girlfriend in fear of immediate bodily harm using deadly weapons: broken beer bottles and a knife.  Alonso-Martinez had been sentenced to 12 months of probation in Kansas, but he had been deported to Mexico before he could complete his sentence.

In this case, Alonso-Martinez received a three-point reduction to his offense level for acceptance of responsibility under § 3E1.1(a) and (b), resulting in a total offense level of 21.  Alonso-Martinez had a criminal history category of I and a Sentencing Guidelines range of 37 to 46 months of imprisonment.

Before sentencing, Alonso-Martinez requested a downward departure and argued the 16-point increase under § 2L1.2(b)(1)(A)(ii) for his aggravated assault convictions grossly overstated the seriousness of his prior conduct.  He contended the aggravated assault convictions should not be deemed crimes of violence, because the victim did not sustain injuries during the incident.  Alonso-Martinez also requested a downward variance based on the mitigating factors of his strong work ethic and his desire to support his family.

The district judge denied Alonso-Martinez's request for a downward departure and found he had engaged in frightening behavior.  The judge determined Alonso-Martinez's former girlfriend justifiably had feared for her life.  Moreover, children had been present when he threatened her with broken beer bottles and a knife.  The judge acknowledged Alonso-Martinez had a strong work ethic and a strong desire to support his family in Mexico.  Nevertheless, the judge

concluded a sentence at the low end of the Sentencing Guidelines range was sufficient and sentenced Alonso-Martinez to 36 months of imprisonment.[1]

## II.  DISCUSSION

On appeal, Alonso-Martinez argues his 36-month sentence is substantively unreasonable, because the district judge placed undue weight on the Sentencing Guidelines range, which was based entirely on his prior convictions for aggravated assault.  A district judge must impose a sentence that is both procedurally and substantively reasonable.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).   Alonso-Martinez argues only that his sentence is substantively unreasonable and has abandoned any arguments regarding procedural unreasonableness.  *United States v. Curtis*, 380 F.3d 1308, 1310 (11th Cir. 2004) (per curiam).  We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard."  *Gall*, 552 U.S. at 41, 128 S. Ct. at 591.[2]  The party who challenges the sentence bears the burden of establishing that it is unreasonable.  *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014).

---

[1] The low end of the Sentencing Guidelines range was 37 months of imprisonment.  The district judge considered the 36-month sentence to be within the Guidelines range, because the judge gave Alonso-Martinez credit for time served in ICE custody.

[2] Because Alonso-Martinez did not object to the substantive reasonableness of his sentence at sentencing, the government argues our review may be for plain error.  We need not decide whether plain-error review applies, however, because we conclude there was no error, plain or otherwise.

We examine whether a sentence is substantively reasonable in view of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The § 3553(a) factors to be considered by a sentencing court include (1) the nature and circumstances of the crime and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense, (3) the need to protect the public from further crimes of the defendant, and (4) the applicable Guidelines range. 18 U.S.C. § 3553(a). A sentence is "substantively unreasonable if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted). In addition, a sentence may be substantively unreasonable if a district judge unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors. *Id.* at 1191-92.

Alonso-Martinez has not shown his sentence is substantively unreasonable in light of the totality of the circumstances and the § 3553(a) factors. The district judge recognized the 16-point increase for his prior aggravated assault convictions was "exceedingly rough justice," ROA at 187, but still concluded the prior conduct involved more than mere threats. Alonso-Martinez had threatened his former girlfriend with broken beer bottles and a knife, while he was intoxicated and with

5

children present.  The victim justifiably had feared for her life.  The judge also considered Alonso-Martinez's work ethic and desire to care for his family and noted she had the "highest of respect" for those characteristics.  ROA at 189.  Nevertheless, the judge determined she could not ignore Alonso-Martinez's prior criminal conduct.  Under the totality of the circumstances and the § 3553(a) factors, the district judge did not abuse her discretion by imposing a 36-month imprisonment sentence.

**AFFIRMED.**