[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14951

_____

D.C. Docket No. 1:11-cv-02937-SCJ

EDITH JEANETTE HILL,

Plaintiff-Appellant,

versus

CLAYTON COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 7, 2015)

Before JORDAN and DUBINA, Circuit Judges, and GOLDBERG,[*] Judge.

_____

[*] The Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

PER CURIAM:

Clayton County School District (the "School District") hired Edith Jeanette Hill as a bus driver in 2006. When the 2009–2010 school year began, the School District reassigned Hill to a bus for special-needs students. The new bus had no air conditioner, and was ill-equipped for Atlanta's muggy summer—all the more so with additional heat radiating from the bus's thrumming diesel. Hill found herself struggling to breathe, so she asked the school district for an air-conditioned bus to fix the problem.

The School District said no, then fired Hill after she did not show up to work for several months. Hill sued *pro se*, asserting a failure-to-accommodate claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 (2012), disability- and race-discrimination claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, and retaliation claims under both the ADA and Title VII. The School District moved for summary judgment on all claims. A magistrate judge recommended granting the motion on all of Hill's claims except her failure-to-accommodate claim. The district court, however, granted summary judgment in full, including on the failure-to-accommodate claim.

Hill appeals, arguing that the district court improperly granted summary judgment on her Title VII race-discrimination and retaliation claims and her ADA failure to accommodate claim. After careful review, we agree with both the district

2

court judge and the magistrate judge that summary judgment was proper on the Title VII claims. But we side with Hill and the magistrate judge on the failure-to-accommodate claim, holding that summary judgment was not warranted. Accordingly, we reverse the district court's grant of summary judgment on Hill's failure to accommodate claim, but otherwise affirm.

## I. FACTS AND PROCEDURAL HISTORY[1]

Hill's problems began on August 5, 2009, when she took her newly assigned non-air-conditioned bus on a practice run. The temperature inside the bus was over 100º Fahrenheit, a dead heat that forced Hill to pull the bus to the side of the road because she was "soaking wet, [her] breath was short[,] and [she] was panting." Hill reported the incident to her supervisors, Lisa Wambles and Rella Smith, but they told her that all of the School District's air-conditioned buses had been assigned to more senior drivers. Hill responded "that [she] would drive [her] morning route but . . . wouldn't be able to drive the afternoon route because it

---

[1] The facts in this opinion are based on those set forth in the magistrate judge's report and recommendation (which the district court adopted), as supplemented by relevant record evidence. Hill takes issue with the magistrate and district judges' version of the facts, on grounds that the magistrate judge deemed admitted a statement of material facts submitted by the School District. The magistrate judge reasoned that Local Rule 56.1(B)(2) mandated admission because Hill never replied to the School District's statement; Hill responds that her *pro se* status below counsels against a strict application of 56.1(B)(2).

We review this issue for abuse of discretion, giving great deference to a court's interpretation of its local rules. *Mann v. Taser Int'l Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009). In light of this light-handed standard, we find no error with the district court's decision to deem admitted the School District's statement of material facts. We are particularly at ease with this result because the magistrate judge did not rest solely on the School District's statement of material facts, but instead performed a thoroughgoing review of the entire record in accordance with this Court's precedent. *See Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008).

would be too hot."  Hill planned to "go to [her] doctor to find out why [her] breathing was impaired."

On August 11, 2009, Hill filed an "Employee Request for Reasonable Accommodation" with the School District.  The request stated that "[t]he heat impair[ed Hill's] ability to breath[e] properly" and "affect[ed her] ability to perform [her] job in a safe manner."

Hill attached two doctors' statements to her accommodation request.  Both statements verified that Hill had difficulty breathing in the heat, but that she could still work as a school bus driver if provided an air-conditioned bus.  Hill's primary care physician, Dr. Claire Willie, diagnosed Hill with "a physical impairment," specifically, "lung scarring consistent [with] asbestos[ ] exposure," that could cause "shortness of breath [with] increased activity or extreme weather conditions."  Further, "[d]riving/operating an unairconditioned vehicle [might] trigger [Hill] to become limited to perform properly."  Nonetheless, after reviewing Hill's job description, Dr. Willie determined that Hill could adequately perform her employment duties with the accommodation of "[a]n [a]ir conditioned vehicle."

Dr. Chirag Patel, a pulmonologist, likewise determined that Hill had an airway-related physical impairment that limited her breathing abilities.  Dr. Patel agreed with Dr. Willie that Hill could perform the duties described in her job description if she received an "A/C [b]us."

4

On August 13, 2009, the School District placed Hill on unpaid leave while it considered her accommodation request. The School District's employee-benefits manager recommended that "all consideration be made in an attempt to provide the requested accommodation." On August 28, 2009, the School District sent Hill a letter denying her request because all air-conditioned buses were assigned to other drivers.

Although the letter did not say so, the School District was in the process of acquiring more air-conditioned buses during August and September 2009. The parties dispute whether or not the School District offered Hill one of the newly acquired buses in October 2009. On the one hand, three School District employees—Lisa Wambles, Rella Smith, and Doug Hendrix—averred in sworn affidavits that School District staff made such an offer. And a later-dated Equal Employment Opportunity Commission ("EEOC") hearing transcript also reports that an offer was made.

On the other hand, Hill did not recall being offered an air-conditioned bus during an October 2009 phone call with the School District's lead driver, Wendy Perry (the only October 2009 communication discussed in Hill's deposition). According to Hill, Perry said, "[W]hen you come back to work Monday, I will have a . . . driver to ride with you because your route has changed." Hill testified that in response, she declined to return to work because she was "supposed to have

5

mediation" and had "to wait on . . . some documents from [the] EEOC."  And when asked more generally about whether she ever learned that the School District had obtained more air-conditioned buses, Hill three times denied any knowledge.

Following an investigation of Hill's absence in February 2010, the School District terminated her on March 2, 2010.  Hill filed suit on September 1, 2011.  A magistrate judge recommended denying summary judgment on Hill's failure-to-accommodate claim, but granting summary judgment on all other claims.  The district court nonetheless granted summary judgment in full.  Hill appeals the district court's grant of summary judgment on her Title VII race-discrimination and retaliation claims and her failure-to-accommodate claim.

## II. LEGAL FRAMEWORK

To establish a *prima facie* case of race discrimination under Title VII, Hill must show that "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position; (3) [s]he suffered an adverse employment action; and (4) [s]he was replaced by a person outside [her] protected class or was treated less favorably than a similarly-situated individual outside [her] protected class." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003).

Title VII race retaliation claims require a more specialized *prima facie* showing.  "[T]he plaintiff must show (1) that she engaged in statutorily protected

6

expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994). Filing an EEOC claim is statutorily protected expression. *Johnson v. Booker T. Washington Broadcasting Servs., Inc.*, 234 F.3d 501, 507 (11th Cir. 2000).

For her *prima facie* case of disability discrimination under the ADA, Hill must show that (1) she is disabled, (2) she is a qualified individual, and (3) she was subjected to unlawful discrimination because of her disability. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255–56 (11th Cir. 2007). A disability means "(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Breathing is a major life activity. *Id.* § 12102(2)(A).

A "qualified individual" is someone with a disability who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Essential functions are "fundamental job duties of a position that an individual with a disability is actually required to perform." *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000).

7

In the context of a failure-to-accommodate claim, an employer discriminates by "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5)(A); *Holly*, 492 F.3d at 1261–64.

## III. DISCUSSION[2]

We hold that the district court's grant of summary judgment was proper on Hill's Title VII race-discrimination and retaliation claims, but improper on her failure-to-accommodate claim.

### A. Hill's Title VII Claims

Summary judgment was proper on Hill's race-discrimination claim because she cannot establish a *prima facie* case that either the denial of an air-conditioned bus or her firing were discriminatory. Hill has provided no evidence that being denied an air-conditioned bus counts as an adverse employment action for Title VII purposes. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (defining an adverse employment action as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits");

---

[2] We review grants of summary judgment *de novo*, construing facts in the light most favorable to the nonmoving party. *Lowe v. Ala. Power Co.*, 244 F.3d 1305, 1307 (11th Cir. 2001). "Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

*Foster v. Mid State Land & Timber Co., Inc.*, No. 2:06cv405-ID, 2007 WL 3287345, at *24 (M.D. Ala. Nov. 5, 2007) (denial of opportunity to drive air-conditioned tractor following hiring of new employees is not an adverse employment action).

And with respect to being fired, Hill has not offered a similarly situated employee as a comparator.  After the magistrate judge pointed out the lack of a comparator in his recommendations, Hill responded only with a comparator for purposes of being denied an air-conditioned bus—not being fired.  Therefore, summary judgment on Hill's race-discrimination claim was proper.

So was summary judgment on Hill's retaliation claim because Hill never established a causal relation between statutorily protected expression and an adverse employment action.  In her second amended complaint, Hill claimed that the School District fired her because she filed a complaint with the EEOC, protected expression under Title VII.  *Johnson*, 234 F.3d 501 at 507.  But, as the magistrate judge pointed out, there was a five-month gap between Hill's EEOC filing and her termination, too much time to constitute a causal relation in this case. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).  Hill reversed course in her objections to the magistrate judge's recommendations, taking the position that the School District retaliated against her by placing her on unpaid leave, not by firing her.  This argument makes no sense because the School

9

District placed Hill on unpaid leave before she filed her EEOC complaint. Therefore, the district court properly granted summary judgment on Hill's retaliation claim.

## B. Hill's Failure-to-Accommodate Claim

Although the district court properly granted summary judgment on Hill's race discrimination and retaliation claims, summary judgment was improper on her failure-to-accommodate claim.[3]  Recall, to establish a *prima facie* ADA claim, Hill must show that (1) she is disabled, (2) she is a qualified individual, and (3) she was subjected to unlawful discrimination because of her disability.  *Holly*, 492 F.3d at 1255–56.  Starting with the second element, the district court held that Hill was not a "qualified individual" within the meaning of the ADA because her essential functions included being exposed to outdoor heat—and, during emergency bus evacuations, the length and intensity of exposure was unpredictable.  The School District touts this view on appeal and also argues that Hill is not "disabled" per the first element because her condition is temporary and nonchronic.  But Hill's doctors reported that her breathing woes were both permanent and chronic.  The doctors also concluded, after reviewing Hill's job description, that Hill could perform her job with reasonable accommodation.  In this case, the doctors'

---

[3] In secondary briefing only, the School District argues that Hill's failure-to-accommodate claim was procedurally barred because Hill never received a right-to-sue notice from the EEOC as to that claim.  The School District waived this argument by failing to raise the argument in its initial brief.  *United States v. Curtis*, 380 F.3d 1308, 1310–11 (11th Cir. 2004).

10

statements create a dispute on the first and second elements of Hill's failure-to-accommodate claim sufficient to survive summary judgment.

Moving to the third element, the district court found that the School District offered Hill an air-conditioned bus in October 2009, and that the offer following two months of unpaid leave was a reasonable accommodation. But there is conflicting evidence on whether or not the School District ever actually made an offer to Hill. Although School District employees submitted sworn affidavits attesting to an October 2009 offer, none of them claimed to have made the offer themselves. Nor did they identify the employee who made the offer or provide any details about its circumstances. In her own testimony, by contrast, Hill denied ever being told that the School District had obtained more air-conditioned buses, whether in the context of an offer or otherwise. She recalled a conversation with Wendy Perry in October 2009, but did not recollect that it included an offer of an air-conditioned bus. And Perry, absent in this case, has not provided testimony or an affidavit to the contrary. In sum, there is a dispute as to whether or not the School District offered Hill an air-conditioned bus in October 2009.

Even assuming the School District did make such an offer, there is still a dispute as to whether making Hill wait two months was reasonable. In its motion for summary judgment, the School District argued that providing an air-conditioned bus any earlier would have constituted an undue hardship, but does not

provide sufficient evidence of what the hardship would be.  All the School District said was that it would have had to upset its seniority-sensitive bus-allocation process.  But courts presented with sparse assertions that upsetting an equipment-allocation process would constitute undue hardship have denied summary judgment.  *See Gribben v. United Parcel Serv., Inc.*, No. CV-04-2814PHXFJM, 2009 WL 648509, at \*3 (D. Ariz. Mar. 12, 2009); *Nuetzman v. Con-Way Transp. Servs., Inc.*, No. CIV. 06-2730 PAM/JSM, 2007 WL 2908112, at \*7 (D. Minn. Oct. 1, 2007).  Moreover, Hill was previously assigned an air-conditioned bus, so it is difficult to understand how reassignment would upset the bus-allocation process in such a way as to cause undue hardship.  *See Gribben*, 2009 WL 648509, at \*3 (denying summary judgment in part because employer's previous provision of an air-conditioned vehicle indicated a dispute as to whether providing one again would require a change in fundamental business practices and thereby constitute an undue hardship).

The district court cited three cases for the proposition that placing Hill on unpaid leave for two months was reasonable, but all of these decisions are distinguishable because the plaintiff continued working (presumably for pay) in each.  *See Terrell v. USAir,* 132 F.3d 621, 628 (11th Cir. 1998) (three-month delay in providing accommodations was reasonable when plaintiff could continue to work and had "some access" to requested accommodations); *Hartsfield v. Miami-*

12

*Dade Cnty.*, 90 F. Supp. 2d 1363, 1371–73 (S.D. Fla. 2000) (ten-month delay in providing accommodation was reasonable when interim accommodations allowed the plaintiff to continue work); *Ungerleider v. Fleet Mortgage Grp. Of Fleet Bank*, 329 F. Supp. 2d 343, 354–55 (D. Conn. 2004) (one-and-a-half-month delay was reasonable where plaintiff could continue work at a home office). By contrast, Hill was placed on unpaid leave, an accommodation that did not allow her to continue to work or, of course, to be paid. And a final case cited by the School District, *Kintz v. United Parcel Serv., Inc.*, 766 F. Supp. 2d 1245, 1256-57 (M.D. Ala. 2011), is distinguishable on grounds that the unpaid leave in that case lasted a mere fifteen days—a period of time short enough that it can be attributed to simple administrative reality. Here, by contrast, two months was more than enough time for the School District to overcome any administrative hurdles in providing Hill with an air-conditioned bus. Because these cases are distinguishable, they do not change our conclusion that there is a dispute as to whether a two-month period of unpaid leave is reasonable.

## IV. CONCLUSION

Because we hold that summary judgment was improper on Hill's failure-to-accommodate claim, we reverse the district court's order to the extent that it grants

13

summary judgment on that claim.  We affirm the remainder of the order in full, including the district court's grant of summary judgment on Hill's Title VII claims.

**AFFIRMED IN PART, REVERSED IN PART.**