[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15232
Non-Argument Calendar
_____

D.C. Docket No. 4:13-tp-50003-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO VIERA CORDOVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 22, 2018)

Before WILLIAM PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Fernando Viera Cordova challenges the admission of hearsay testimony that incriminated him in a violation of the conditions of his supervised release. After finding that testimony to be reliable and corroborated and also finding a second violation, the district court revoked Viera Cordova's supervised release under 18 U.S.C. § 3583(e)(3). Because we find that any error by the district court was harmless, we affirm.

## I. BACKGROUND

Viera Cordova was serving twelve months of supervised release following a previous revocation of supervised release; one of the conditions was that he refrain from violating the law. The following facts were introduced into evidence after the government petitioned to revoke his supervised release.

On July 11, 2017, Viera Cordova's girlfriend, Mariana Villegas, fled from the house they shared to Jennifer Carrera's nearby store. Villegas had blood on her ear and hands; her nose was red and swollen and her chest was red. Her hands were shaking as she told Carrera that her boyfriend was beating her and that she was afraid and needed to hide. She did not want to call the police because she was worried that she would be deported. Carrera, herself a victim of domestic violence, convinced Villegas to let her call the police. The police arrived with an ambulance. Villegas, through Carrera and a paramedic who served as interpreters, gave a statement that was recorded on an officer's body camera. Villegas told the officer

2

that Viera Cordova had hit her twice and broken her cell phone; they had been arguing intensely because she wanted to end her relationship with him. Villegas's injuries were photographed, and the police obtained a warrant for Viera Cordova's arrest.

One week later, Villegas submitted a written statement requesting that the prosecution of Viera Cordova be discontinued. She explained that she had sustained her injuries by accident and that she did not wish to press charges. She said that, during an argument in their home, Viera Cordova had smashed a phone on the floor, and as they both bent to pick it up, she accidentally scratched his chest and he accidentally elbowed her ear. She denied that Viera Cordova intended to hurt her or to stop her from calling 911. She attributed any discrepancies in the police report to the officer's inability to speak Spanish. She stated that she and Viera Cordova were engaged to be married, that she had supported him financially and emotionally for seven months, and that she did not wish to testify against him.

Three weeks later, Carrera was in a bank when she saw Villegas and asked her how she was doing. She saw that Villegas was accompanied by Viera Cordova and said, "Don't tell me you're with him again, with the person who beat you up?" Viera Cordova then said to Carrera in Spanish, "You're lucky enough if I don't burn down your store yet." The bank's silent security videos show a conversation taking place. Carrera filed a police report.

The government petitioned to revoke Viera Cordova's supervised release because of these charges of domestic battery, Fla. Stat. § 784.03(1)(a)(2), and retaliating against a witness, id. § 914.23. At the revocation hearing, the government offered the police testimony, photographs, and videos and, over Viera Cordova's hearsay objection, Carrera's testimony. Viera Cordova's counsel cross-examined the witnesses and offered Villegas's written recanting statement. The district court found that Carrera's testimony was corroborated by the police evidence and that Villegas's recantation was not credible: "This woman felt, I believe, that she was going to lose her ability to be in the United States and retracted her testimony." Finding that Viera Cordova had committed both violations, the court revoked his supervised release. Citing Viera Cordova's criminal history and anger management problems, his repeated failure to comply with conditions of supervised release, and the need to protect the public from his further crimes, the district court imposed a sentence of 21 months' imprisonment, the low end of the Guideline range. Viera Cordova now appeals his revocation but not his sentence.

## II. STANDARDS OF REVIEW

We review a revocation of supervised release for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). We generally review evidentiary decisions only for a clear abuse of discretion, United States v. Novaton,

271 F.3d 968, 1005 (11th Cir. 2001), but we review constitutional challenges de novo, United States v. Rodriguez, 581 F.3d 775, 809 (11th Cir. 2009). We review factual determinations, including the reliability of testimony, for clear error. United States v. Penn, 721 F.2d 762, 765 (11th Cir. 1983). Conduct that violates the conditions of supervised release "need only be proven by a preponderance of the evidence." United States v. Cunningham, 607 F.3d 1264, 1268 (11th Cir. 2010); see also 18 U.S.C. § 3583(e)(3).

## III.  DISCUSSION

Viera Cordova argues that his right to confront witnesses against him was violated when Villegas's statements incriminating him in her battery were admitted through Carrera's hearsay testimony.[1] Having carefully reviewed the district court proceedings, we conclude that any error was harmless.

Although the Federal Rules of Evidence do not apply in revocation hearings, "the admissibility of hearsay is not automatic." Frazier, 26 F.3d at 114. "Defendants involved in revocation proceedings are entitled to certain minimal due process requirements," including "the right to confront and cross-examine adverse witnesses." Id. "Thus, in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation. In addition, the

---

[1] On appeal, Viera Cordova does not make any arguments about the testimony supporting the second violation of his supervised release, retaliating against a witness.

5

hearsay statement must be reliable." Id. (citations omitted). If the admission of hearsay violates due process, a defendant must show that the error was harmful because "the court explicitly relied on the information"; he must show that the statement is materially false or unreliable, and that it actually served as the basis for the revocation. See United States v. Taylor, 931 F.2d 842, 847 (11th Cir. 1991).[2]

It is undisputed that the district court made no Frazier findings about the government's failure to call Villegas to testify.[3] Nonetheless, any Frazier error was harmless because the district court did not explicitly rely upon the hearsay to revoke supervised release. First, the court found the statement to be reliable, and Viera Cordova has not established that this finding was clearly erroneous. He argues that Carrera's testimony was not reliable because of her bias as a victim of domestic violence, but the court explained that it took her disposition into account and still found the declaration reliable because Villegas made similar statements to the police.[4] Second, the hearsay was not the sole basis for the revocation. The court

---

[2] Taylor concerned the revocation of parole, but we apply the same procedural safeguards to the revocation of supervised release. Frazier, 26 F.3d at 113–14.

[3] It is nonetheless clear from the record that the court and counsel all understood the reason for Villegas's absence: her recantation. In that light, we doubt that anything Villegas would have said would have been especially adverse to Viera Cordova.

[4] Although the Federal Rules of Evidence do not apply here, we also note that Villegas's statements to Carrera bear "circumstantial guarantees of trustworthiness" based on many of the factors that courts consider in evaluating hearsay under the Rules, including the circumstances under which the statement was made, the knowledge and motivation of the declarant, and the

relied on Villegas's contemporaneous statements to the police as well as the police testimony, photographs, and video in concluding that Viera Cordova committed battery against her. Furthermore, Viera Cordova has not made any arguments on appeal pertaining to his second, higher-grade violation, retaliating against a witness. See United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004) (issues not raised on appeal are waived). Without establishing that it would have been an abuse of discretion to revoke his supervised release based solely on the second violation, he cannot establish harm from any Frazier error on the first violation.

## IV.  CONCLUSION

The revocation of Viera Cordova's supervised release is **AFFIRMED.**

---

existence of corroborating evidence. See Rivers v. United States, 777 F.3d 1306, 1315 (11th Cir. 2015); Fed. R. Evid. 807(a)(1). Villegas made the statements to Carrera while still under the stress of the attack, with full knowledge of the circumstances and in fear for her safety, and her accusations and her injuries were corroborated by the police video and photographs.