[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10324
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00114-MEF-CSC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELISSA LYNNE MIONE MCGEE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 25, 2013)

Before DUBINA, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Melissa McGee appeals her 210-month sentence, imposed within the applicable Sentencing Guidelines range, after pleading guilty to aiding and abetting kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and 2.  On appeal, McGee argues her sentence is substantively unreasonable, because (1) it creates a sentencing disparity between her and her two codefendants; and (2) it is greater than necessary to achieve the purposes of sentencing, as provided in 18 U.S.C. § 3553(a).  We affirm.

## I.

According to the presentence investigation report, in April 2011, McGee posed as an employee of the Department of Human Resources ("DHR") and convinced Jason Griffith and his girlfriend, April Lowe, to move to Ozark, Alabama with Lowe's three young children.  Griffith and Lowe recently had become homeless, and McGee promised to provide them with a home and to help Griffith find employment.  McGee told the couple the home was not yet available, but she paid for a hotel room in which they could live in the meantime.

Subsequently, McGee contacted Westly Rogers and Joshua Gilley and informed them that she had met a couple who were abusing their children.  She asked the men if they would beat up the couple and help her take the children to DHR.  Rogers and Gilley agreed.  On June 5, 2011, McGee contacted Griffith and

2

Lowe and told them that their home was available, and she gave them directions to meet her. McGee, Rogers, and Gilley then drove to meet Griffith and Lowe.

When everyone arrived at the meet location, Rogers and Gilley immediately approached Griffith and Lowe and began hitting and punching them. Griffith and Lowe eventually escaped to a nearby house and called the police. Meanwhile, Rogers and Gilley discovered three children in Griffith and Lowe's car—two toddlers and an infant. They took Griffith and Lowe's car and followed McGee to another location, where they transferred the children to McGee's car. The men abandoned Griffith and Lowe's car and rode with McGee back to Rogers's house.

Subsequently, Rogers and McGee took the two toddler-aged children to a man named Steven Evans, and McGee paid Evans $100 to leave the children at a hospital. McGee then asked a friend, Lisa Etchberger, to watch the infant, which McGee claimed was her own. All three children were ultimately recovered, and law enforcement took McGee, Rogers, and Gilley into custody.

On June 30, 2011, a federal grand jury charged McGee, Rogers, and Gilley with conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(a), (c) ("Count 1"); aiding and abetting kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and 2 ("Count 2"); and aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2119 and 2 ("Count 3"). Pursuant to written plea agreements,

3

McGee pled guilty to Count 2, aiding and abetting kidnapping, while Rogers and Gilley pled guilty to Count 3, aiding and abetting carjacking.

The district court sentenced McGee to 210 months of imprisonment, at the top of her advisory guideline range. It sentenced Rogers to 32 months of imprisonment, and it sentenced Gilley to 46 months of imprisonment. McGee appealed.

## II.

On appeal, McGee argues her 210-month sentence is substantively unreasonable, because it creates a sentencing disparity and is greater than necessary to achieve the purposes of sentencing. She contends, like Rogers and Gilley, she pled guilty to her offense conduct and had a criminal history category of I. She argues, unlike her codefendants, however, there were other facts in her case that were not adequately considered. Specifically, she asserts that she is the only one who suffers from multiple severe mental health disorders.[1] Thus, her substantially higher sentence is unwarranted. She also argues a sentence at the bottom of the guideline range would have adequately punished her, because her conduct was caused by her severe borderline personality disorder and aggravated

---

[1] While McGee also points to another fact she presented at sentencing that she contends the district court should have considered, the facts related to this argument have been sealed and will not be discussed. Appellant's Br. at 28-30. Further, having reviewed her argument in the sealed, unredacted brief and the record on appeal, we find the argument is without merit as McGee already received a significant downward departure for the facts specified.

by her depression.  Finally, she asserts the district court impermissibly considered her need for long-term therapy when deciding the length of her sentence.

We examine whether a sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).[2]  The § 3553(a) factors to be considered by a sentencing court include, among others:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (3) the need to provide the defendant with needed medical care or other correctional treatment.  18 U.S.C. § 3553(a).  However, the court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation."  *Tapia v. United States*, 564 U.S. ___, 131 S. Ct. 2382, 2393, 180 L. Ed. 2d 357 (2011).

A sentencing court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  "A well-founded claim of disparity, however, assumes that apples are being compared to apples."  *United*

---

[2] Here, McGee argues only that her sentence is substantively unreasonable, and thus, she has abandoned any arguments as to procedural unreasonableness.  *See United States v. Curtis*, 380 F.3d 1308, 1310 (11th Cir. 2004) (providing that an appellant abandons a claim or argument that she does not raise in her initial brief on appeal).

5

*States v. Mateo-Espejo*, 426 F.3d 508, 514 (11th Cir. 2005) (noting the codefendants were not similarly situated, where one defendant provided prompt and full cooperation and the other provided belated and grudging cooperation).

A sentence is substantively unreasonable if it "does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted). In addition, a sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors. *Id.* at 1191-92. However, the "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted).

We will remand only when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (internal quotation marks omitted). We do not automatically presume a within-guidelines sentence is reasonable, but we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The party challenging the

6

sentence has the burden of establishing that the sentence is unreasonable based on the record and the § 3553(a) factors. *Pugh*, 515 F.3d at 1189.

Here, McGee's 210-month sentence is substantively reasonable. First, there are no unwarranted sentencing disparities between McGee and her two codefendants, because they are not similarly situated. *See* 18 U.S.C. § 3553(a)(6). McGee was convicted of aiding and abetting kidnapping, while her codefendants were convicted of aiding and abetting carjacking. In addition, McGee played a substantially larger role in the offense by earning Griffith and Lowe's trust, convincing Rogers and Gilley that the children were being abused, paying Evans to take the two toddlers, and leaving the infant with Etchberger.

Second, McGee's 210-month sentence is not greater than necessary to achieve the purposes of sentencing. The district court considered all of the § 3553(a) factors and specifically noted McGee's extensive planning, her manipulation of Rogers and Gilley, the age and the vulnerability of the victims, and the need for McGee to receive long-term counseling. Although the court considered McGee's need for treatment, it did not impose or lengthen her sentence for the sole purpose of enabling her to receive treatment. *Tapia*, 564 U.S. at ___, 131 S. Ct. at 2393. In light of the totality of the circumstances and the § 3553(a) factors, McGee's sentence is substantively reasonable.

**AFFIRMED.**

7