[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13906

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELISSA LYNN MIONE MCGEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:11-cr-00114-ECM-WC-1

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Melissa Lynn Mione McGee, a federal prisoner proceeding *pro se*, appeals the denial of her motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). After careful consideration, we affirm.

## I.

In 2012, McGee pleaded guilty to aiding and abetting kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and (2). The district court sentenced her to a total term of 210 months' imprisonment. On direct appeal, we affirmed McGee's sentence. *See United States v. McGee*, 540 F. App'x 948 (11th Cir. 2013) (unpublished).

In 2020, McGee filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), claiming that extraordinary and compelling circumstances warranted a sentence reduction. McGee explained that she recently had tested positive for COVID-19 and suffered from chronic asthma, which, she claimed, placed her at a higher risk for developing severe complications from COVID-19. In her motion, McGee urged the district court to exercise its discretion to award her a sentence reduction, claiming that she had been rehabilitated while in prison. McGee pointed out that she was a first-time offender and had obtained her GED and completed other programs while incarcerated.

The district court denied McGee's motion for compassionate release. The court gave two reasons for its decision. First, the court determined that McGee's severe asthma coupled with the COVID-19 pandemic did not establish an extraordinary and compelling reason to warrant a sentence reduction. Second, the court concluded, in the alternative, that the § 3553(a) sentencing factors[1] weighed against a sentence reduction. The court reached this conclusion after weighing McGee's "history and characteristics, the nature and circumstances of the offense[]," the need "to deter [McGee] and others from engaging in illegal activity," and the need "to protect the public from further crimes of [McGee]." Doc. 250 at 6.[2] This is McGee's appeal.

---

[1] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

[2] "Doc." numbers refer to the district court's docket entries.

## II.

We review *de novo* whether a defendant is eligible for a sentence reduction under § 3582(c). *See United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). Once eligibility is established, we review the denial of a § 3582(c) motion for abuse of discretion. *See United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015). We liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III.

A district court has no inherent authority to modify a sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). Section 3582(c) gives a district court discretion to reduce a defendant's sentence only if the court finds, among other things, that "extraordinary and compelling reasons warrant such a reduction" and the § 3553(a) factors support the reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

McGee raises three arguments on appeal. First, she argues that the district court procedurally erred by denying her motion for compassionate release without affording her an evidentiary hearing or appointing counsel to represent her. Second, she claims that

the district court erred in concluding that there were no extraordinary and compelling reasons for a sentence reduction. Third, McGee says that the district court erred in concluding that the § 3553(a) factors did not warrant a sentence reduction.

We begin with McGee's argument that the district court erred by failing to hold an evidentiary hearing or appoint her counsel. We have held that a court is not required to hold an evidentiary hearing before ruling on a defendant's motion seeking a sentence reduction under § 3582(c). *See United States v. Denson*, 963 F.3d 1080, 1087 (11th Cir. 2020). In addition, we have previously held that a defendant has no constitutional or statutory right to the appointment of counsel in connection with a § 3582(c) motion seeking a sentence reduction. *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009).[3] We thus cannot say that the district court erred in denying McGee's motion for a sentence reduction without first holding an evidentiary hearing or appointing counsel.

We now turn to McGee's argument that the district court erred in concluding that she failed to establish that there were extraordinary and compelling reasons for a sentence reduction. She claims that her underlying medical issues coupled with the

---

[3] Although a defendant has no constitutional or statutory right to counsel in connection with a § 3582(c) motion, a district court retains discretion to appoint counsel in the interest of justice. *See Webb*, 565 F.3d at 795 n.4. We cannot say that the district court abused its discretion when it did not *sua sponte* appoint counsel to represent McGee.

COVID-19 pandemic constituted an extraordinary and compelling reason to grant her a sentence reduction.

We have held that "extraordinary and compelling reasons" are limited to those reasons listed in the Sentencing Commission's policy statement found in United States Sentencing Guideline § 1B1.13. *Bryant*, 996 F.3d at 1262. This policy statement identifies a limited subset of medical conditions that rise to the level of an extraordinary and compelling reason for a sentence reduction. *See* U.S.S.G. § 1B1.13, cmt n.1(A). A non-terminal medical condition may be grounds for a sentence reduction only when it substantially diminishes a defendant's ability to provide self-care in custody and is one from which she is not expected to recover. *Id.*; *see Giron*, 15 F.4th at 1346. The policy statement also includes a catch-all provision that authorizes relief for "other reasons." U.S.S.G. § 1B1.13, cmt. n.1(D). But our precedent holds that such other reasons must be determined by the Bureau of Prisons, not the courts. *See Bryant*, 996 F.3d at 1262–64.

We agree with the district court that McGee did not provide adequate support for her claim that she has a medical condition that satisfies the extraordinary-and-compelling-reason standard. Although McGee suffers from chronic asthma and contracted COVID-19 while incarcerated, she does not argue that she has a condition that substantially diminishes her ability to provide self-care while in custody. *See* U.S.S.G. § 1B1.13, cmt. n.1(A); *Giron*, 15 F.4th at 1346. In addition, she cannot establish that § 1B1.13's catch-all provision afforded her relief for "other reasons" because

20-13906                Opinion of the Court                7

we have held that "other reasons" are limited to those determined by the Bureau of Prisons, not by courts. U.S.S.G. § 1B1.13, cmt. n.1(D);*see Bryant*, 996 F.3d at 1263.

McGee also argues that the district court erred in its alternative determination that the § 3553(a) factors did not support a sentence reduction. Because McGee failed to demonstrate an extraordinary and compelling reason, we need not reach this argument. *See Giron*, 15 F.4th at 1347 ("When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds . . . that no extraordinary and compelling reason exists . . . .").

## IV.

For the reasons set forth above, we affirm the district court's order denying McGee's motion for compassionate release.[4]

**AFFIRMED.**

---

[4] After the briefing in this appeal was complete, McGee filed a Motion for Emergency Relief. In the motion, McGee seeks emergency relief because there has been a new outbreak of COVID-19 at the facility where she is incarcerated. We construe the motion as requesting expedited review of her appeal. We DENY the motion as moot.